**In the Interest of M.D.D., Jr., a child under seventeen years of age.**

**No. 27811.**

Missouri Court of Appeals,
Southern District,
Division One.

April 30, 2007.

---

Teresa Rieger Housholder, Marshfield, for appellant M.D., Sr.

William C. Prince, Springfield, for Respondent Greene County Juvenile Office.

Lisha A. Masters, Susan S. Jensen, Springfield, for Respondents Michael & Tracy Whalen.

Kay Ann W. Van Pelt, Springfield, for juvenile M.D.D., Jr.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Before us is the appeal of M.D.D., Sr. ("Father"), who was an inmate in a federal penitentiary, of the termination of his pa-

rental rights to a minor child and the child's subsequent adoption.[1] We affirm.

■ The record produced at trial concerning Father is scant. Although Father had a court-appointed attorney representing him, Father was not present, provided no witnesses and had no testimony presented at trial on his behalf. When we review the trial court's judgment terminating parental rights, we consider the facts and reasonable inferences in the light most favorable to the judgment. *In re L.M.*, 212 S.W.3d 177, 180 (Mo.App. S.D.2007). Those facts indicate that Father has been determined to be the biological father of the child through blood tests and the admission of Mother; Father cared for the minor child for up to six months immediately after the child's birth and prior to Father's incarceration because Mother was incarcerated at the child's birth. Mother's stepfather and his current wife, who married approximately two weeks prior to the filing of the petition for termination of parental rights and for adoption, had custody of the minor child for two-and-a-half years at the time of trial. Mother resided with her stepfather for five weeks approximately one year prior to the petition being filed. During that time, Father had mail and phone contact with Mother and the minor child. Other than Mother's testimony that "[Father] told [her] that he has wrote and that he's never had any response back," there was no evidence that Father had any contact with the custodians or the child after that five-week period. There was no evidence adduced as to the offenses for which Father was incarcerated, the length of the sentence, or any possible release date.

Father brings five points on appeal. Father's first point claims error in terminating Father's parental rights because there was no evidence presented that Father had abandoned the minor child. His second point claims there was no clear, cogent and convincing evidence presented that Father neglected the minor child. Father's third and fourth points claim the trial court failed to make specific findings of neglect and that termination and adoption were in the best interest of the minor child. His fifth point claims the trial court abused its discretion in granting an adoption without permitting Father time to appeal the termination of his parental rights.

■ For ease of discussion, we shall begin with the claim that the trial court failed to make specific findings as set forth in § 211.447.[2] We agree with Father that the court made absolutely none of the required findings; however, Father has not preserved his claim. Effective January 1, 2005, Rule 78.07(c)[3] was amended to require the aggrieved party to file a motion to alter or amend the judgment specifically raising the issue that the trial court failed to make any required findings. *In re Holland*, 203 S.W.3d 295, 302 (Mo.App. S.D. 2006). This case was tried on March 16, 2006; the judgment was entered on May 12, 2006. Father's attorney[4] filed a motion on May 31, 2006, to withdraw but did not file any motion to amend the judgment contending that the trial court failed to make statutory findings. As such, Fa-

---

1. The parental rights of the biological mother, K.R. ("Mother"), were also terminated by the judgment; however, we do not address any issues concerning Mother as she is not a party to this appeal.

2. All references to statutes are to RSMo 2000, unless otherwise specified.

3. All rule references are to Missouri Court Rules (2006), unless otherwise specified.

4. Father's counsel on appeal was not trial counsel.

ther's claims of error are not preserved. Points III and IV are denied.

We shall next address the merits of Point I. In reviewing whether the statutory grounds for termination under § 211.447.3–4 [5] are supported by clear, cogent and convincing evidence, this Court will affirm the trial court's decision unless the record contains no substantial evidence to support it, it is against the weight of the evidence, or the trial court erroneously declares or applies the law. *In re P.L.O.*, 131 S.W.3d 782, 788–89 (Mo. banc 2004). The presence of evidence to support one statutory ground for termination is sufficient to terminate a parent's rights. *Id.* at 789. This Court reviews the trial court's decision that termination is in the best interests of the child for an abuse of discretion. *Id.* It is important to note that "incarceration in and of itself shall not be grounds for termination of parental rights." § 211.447.6(6).

Given the scant testimony regarding Father's relationship with the minor child, we cannot find that the trial court erred in finding that Father had abandoned the minor child. There was testimony that Father did not contact or attempt to contact the custodians of the minor child during the six months prior to the petition being filed to maintain any relationship with the child. Father did not rebut that evidence to show that he attempted to maintain in any way a meaningful relationship with the child. We are invited to infer from the custodians' negative attitude toward maintaining a relationship between Mother and the child, that they did the same to Father; however, we decline to do so. Sufficient evidence exists that Father abandoned the child. Point I is denied. Because only one ground is necessary for termination, we decline to review Point II. *In re B.D.W.*, 185 S.W.3d 727, 737 (Mo. App. S.D.2006); *In re L.A.M.R.*, 179 S.W.3d 418, 419 (Mo.App. S.D.2005).

Father's final point is that the trial court erred in granting the adoption because the termination was clearly to be appealed. Father is correct that proceeding with an adoption while the termination of parental rights is being appealed is reversible error. *See State ex rel. NHL v. DePriest*, 136 S.W.3d 72, 73 (Mo. banc 2004). Respondents claim it is harmless error if the termination is affirmed. We disagree. Although the adoption proceeding is dependent upon the termination being granted, separate issues present themselves in an adoption proceeding. *In re J.F.K.*, 853 S.W.2d 932, 934 (Mo. banc 1993) ("An obvious prerequisite to any adoption is the consent of the natural parents or the involuntary termination of their parental rights."); *In re D.S.G.*, 947 S.W.2d 516, 518 (Mo.App. E.D.1997) ("[A]doption and termination of parental rights are two separate and distinct actions with different parties and issues. . . ."). The law is clear that it is reversible error to proceed with the adoption while the termination is pending on appeal. The adoption is reversed, the termination of Father's parental rights is affirmed.

PARRISH and SCOTT, JJ., concur.

---

5.   All references to statutes are to RSMo 2000, unless otherwise specified.