248 S.W.3d 651 (2008)
In the Interest of K.R.G., A.K.G., and R.C.G.,
C.G., Appellant,
v.
The Christian County Juvenile Office, Respondent.
Nos. 28352, 28353, 28354.
Missouri Court of Appeals, Southern District.
March 27, 2008.
Richard D. Bender, Springfield, attorney for appellant.
David V. Collignon, Law Office of David V. Collignon, Ozark, attorney for respondent.
DANIEL E. SCOTT, Judge.
Appellant appeals the termination of his parental rights to three adoptive daughters, K.R.G., A.K.G., and R.C.G.
After foster parenting these three girls, appellant adopted them in 2003. In 2004, they were removed from his home after he *652 allegedly made an obscene video of one child and had sexual intercourse and deviate sexual intercourse with two of them. The juvenile court held a hearing, found all such allegations proven by clear and convincing evidence, and assumed jurisdiction. The juvenile office later filed petitions, essentially similar as to each child, to terminate appellant's parental rights on alternative grounds of abuse (then § 211.447.4(2)[1]), and parental unfitness (then § 211.447.4(6)). The court tried the petitions together without objection; found the allegations proven by clear, cogent, and convincing evidence; and entered judgments terminating appellant's parental rights to each child.[2]
We will affirm the trial court's termination of parental rights unless there is no substantial evidence to support the judgment, it is against the weight of the evidence, or it erroneously declares or applies the law. We consider all facts and reasonable inferences in a light most favorable to the judgment, and will reverse only if we firmly believe that the judgment is wrong. In re A.K.F., 164 S.W.3d 149, 151-52 (Mo.App.2005).
Appellant correctly notes that the juvenile court, in each judgment, failed to make certain findings required by statute in connection with terminations for abuse. Citing In re A.P., 988 S.W.2d 59, 62 (Mo. App.1999), appellant thus characterizes the judgments as based solely on the alternative ground of parental unfitness, and directs his sole appeal point to the sufficiency of that evidence.
Since 2005, however, claims based on a failure to make statutorily required findings are waived unless raised in the trial court by a motion to amend the judgment. Rule 78.07(c). See In re K.M.C., III, 223 S.W.3d 916, 926-27 (Mo.App.2007); In re M.D.D., Jr., 219 S.W.3d 873, 875-76 (Mo.App.2007). Each judgment here includes express findings of abuse, including specific findings  statutorily required in terminations for abuse-as to severe and recurrent acts of emotional and sexual abuse of the child or siblings. Each judgment also includes seven § 211.447.6(1)-(7)[3] findings that are statutorily required for abuse terminations, but not in terminations for parental unfitness.
Appellant thus errs in characterizing these terminations as based solely on parental unfitness. They also are based on abuse; a termination basis effectively unchallenged on appeal. When a trial court finds multiple statutory bases to terminate parental rights, we need only find that one such ground was proven to affirm the judgment. K.M.C., III, 223 S.W.3d at 926. Our review confirms that the record supports the trial court's abuse findings. Thus, we need not consider appellant's parental unfitness challenge. M.D.D., Jr., 219 S.W.3d at 876.
We have considered appellant's sole point nonetheless, and are not persuaded. Appellant argues that, regardless of his past, the trial court had to find him unfit as of the termination hearing, citing In re T.A.S., 32 S.W.3d 804 (Mo.App.2000), *653 which noted that a presumption of unfitness is rebuttable and can be overcome by evidence that the parent is no longer unfit.[4] Appellant acknowledges that the trial court's initial abuse findings and evidence  which included sexual intercourse, deviate sexual intercourse, and making an obscene video with some or all of these children  were judicially noticed in the termination hearing, but he claims there was no evidence of his unfitness at the time of the hearing.
"When a parent has committed severe and recurrent acts of abuse toward his child, logic and life experiences dictate the presumption that an unreformed parent will continue to be a threat to the welfare of the child for the foreseeable future." In re T.M.E., 169 S.W.3d 581, 588 (Mo.App.2005). The termination hearing was within 14 months of the initial abuse findings. The evidence showed no additional services were likely to bring about a lasting parental adjustment and family reunification, nor that appellant had received counseling or treatment, nor that he had repented of or reformed his behavior. Such circumstances raise the legitimate presumption, absent contrary evidence, that appellant is not rehabilitated in his ability to function as a parent. Id. Appellant also testified that his lengthy prison sentence, to the extent it now has been affirmed, will preclude him from caring for or parenting the children.
Judgments affirmed.
PARRISH, P.J., concurs.
BATES, J., concurs.
NOTES
[1] Statutory citations are to RSMo 2000, reflecting the version of § 211.447 in effect at times relevant hereto. In 2007, a new subsection 3 was added to § 211.447, and subsequent subsections now are renumbered accordingly.
[2] Appellant eventually was convicted of rape, sodomy, and sexual exploitation of a minor. Due to discovery nondisclosure, the first two convictions were reversed and remanded for a new trial. State v. Gray, 230 S.W.3d 613 (Mo.App.2007). The sexual exploitation conviction was affirmed (Id. at 615, 621), and appellant is still serving his 30-year sentence on that charge.
[3] Now § 211.447.7(1)-(7). See note 1 supra.
[4] "Aside from any finding that the parent is presumed unfit, § 211.447.2(6) clearly requires the trial court to determine that the parent is currently unfit." T.A.S., 32 S.W.3d at 815.