Donald Ray GERLT, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 72225.

Missouri Court of Appeals,
Western District.

April 12, 2011.

Kent Denzel, Columbia, MO, for appellant.

Shaun J. Mackelprang and James B. Farnsworth, Jefferson City, MO, for respondent.

Before Division Three: CYNTHIA L. MARTIN, Presiding Judge, JAMES E. WELSH, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Donald Ray Gerlt appeals the denial of his Rule 24.035 post-conviction motion, after an evidentiary hearing, by the motion court. We affirm.

### Factual Background

Donald Ray Gerlt ("Gerlt") was charged in Howard County with three counts of driving while his license was revoked, a violation of section 302.321.[1] Because Gerlt had numerous prior offenses, each count was charged as a class-D felony. He

---

1. All statutory citations are to RSMo 2000 as updated through the 2007 Cumulative Supplement, unless otherwise indicated.

was also alleged to be a prior and persistent felony offender under section 558.016.

In August 2007, Gerlt entered a plea of guilty to Count II (driving with a revoked license on September 20, 2006) in exchange for the State's agreement to dismiss Counts I and III, to withdraw its prior and persistent felony offender allegation, and for the State's recommendation that Gerlt be sentenced to four years in the Department of Corrections with a suspended execution of sentence and he be placed on probation for five years. At the plea hearing, Gerlt confirmed that he understood the charges, understood his rights, and wished to plead guilty. The plea court found Gerlt's guilty plea was supported by a factual basis, and was made knowingly, voluntarily, and intelligently.

In February 2009, the prosecutor filed a motion to revoke Gerlt's probation. The motion alleged that Gerlt had violated his probation by committing a felony, resisting arrest under section 575.150. Gerlt admitted the violation at his revocation hearing and, in return, the prosecutor agreed not to proceed with formal charges for the new offense, with the understanding that federal authorities would be charging Gerlt for the incident giving rise to the violation. The court ordered Gerlt's probation revoked and imposed the previously suspended four-year sentence. Gerlt was delivered to the custody of the Department of Corrections on March 20, 2009.

Gerlt filed his *pro se* Rule 24.035 [2] motion for post-conviction relief on September 17, 2009. The motion was amended by appointed counsel and, in that amended motion, Gerlt alleged that plea counsel had provided him with ineffective assistance for failing to advise him of a potential defense for the charge to which he pled guilty. The motion court held an eviden-

tiary hearing and issued its findings of fact and conclusions of law, denying Gerlt's post-conviction motion. Gerlt now appeals. Further factual details will be provided as necessary in the analysis section.

## Analysis

Before addressing the merits of Gerlt's appeal, we need to consider the effect of the failure of Gerlt to timely file his Rule 24.035 post-conviction motion. Rule 24.035 sets forth the time limit to which a movant must adhere in order to have his post-conviction motion for relief heard by the motion court. Gerlt did not appeal the judgment or sentence he seeks now to vacate. Rule 24.035(b) provides "[i]f no appeal of such judgment was taken, the motion shall be filed within *180 days* of the date the person is delivered to the custody of the department of corrections." (Emphasis added.) Further, "failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." "The movant is responsible for filing the original motion, and a lack of legal assistance does not justify an untimely filing." *Gehrke v. State*, 280 S.W.3d 54, 57 (Mo. banc 2009) (citing *Bullard v. State*, 853 S.W.2d 921, 923 (Mo. banc 1993)).

Gerlt was delivered to the custody of the Department of Corrections on March 20, 2009. Gerlt filed his *pro se* Rule 24.035 post-conviction relief motion on September 17, 2009, *181 days* after the Department of Corrections took him into custody. Gerlt's motion was filed one day out of time. The State failed to raise this issue before the motion court, and the motion court pro-

---

**2.** Rule citations are to the Missouri Rules of Criminal Procedure (2010) and Missouri Rules of Civil Procedure (2010), unless otherwise indicated.

ceeded to decide the issue on the merits. The issue of the untimely motion is raised for the first time on appeal.

Prior to the Missouri Supreme Court's decision in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), the failure of the Movant to timely file for post-conviction relief was considered a jurisdictional issue and, therefore, it was one that could be raised for the first time on appeal by the State or by this Court *sua sponte. See, e.g., Murphy v. State*, 796 S.W.2d 673 (Mo.App. S.D.1990); *Suman v. State*, 783 S.W.2d 525 (Mo.App. W.D.1990).

Gerlt argues that the Missouri Supreme Court's decision in *Webb* means that the State's failure to raise the timeliness of Gerlt's motion is not a jurisdictional defect but a matter of trial error which, if not raised by the State before or at the motion hearing, constitutes a waiver of the defense by the State. This court has very recently addressed this exact argument in *Snyder v. State*, 334 S.W.3d 735 (Mo.App. W.D.2011).[3]

■ In *Snyder*, this court held that "the State waive[s] its right to challenge Appellant's post-conviction motion based upon the time limitation contained in Rule 24.035(b) by failing to raise that issue in the motion court." *Id.* at 739–40. This court reasoned that a contrary holding would conflict with the Missouri Supreme Court's holding in *McCracken v. Wal–Mart Stores E., LP*, 298 S.W.3d 473, 476 (Mo. banc 2009) that "if a matter is not jurisdictional but rather is a procedural matter required by statute *or rule* or an affirmative defense of the sort listed in Rule 55.08, then it generally may be waived if not raised timely." (Emphasis added.) *Webb* has made clear that issues

of timeliness do not divest the trial courts of this state of subject matter jurisdiction which remains, in this case, a civil matter. *See Webb*, 275 S.W.3d at 251–253. The question of "timeliness" raises issues of trial error and not jurisdiction. *Andrews v. State*, 282 S.W.3d 372, 375 n. 3 (Mo.App. W.D.2009). The question of whether the movant has a *statutory right to proceed* on a claim because of an untimely filing is analogous to other non-jurisdictional defenses which are waived if not raised in a responsive pleading or otherwise under Missouri law. *See McCracken*, 298 S.W.3d at 477–78.

The time limitations found in Rule 24.035(b) are "governed by the rules of civil procedure insofar as applicable." Rule 24.035(a). Rule 55.08 and Rule 55.27(a) "dictate that the State set forth in its responsive pleading to the post-conviction motion an assertion that the movant waived his or her right to proceed under Rule 24.035(b). Otherwise, the State waives its right to claim that Appellant waived his right to pursue post-conviction relief." *Snyder*, 334 S.W.3d at 739.

We recognized in *Snyder*, and do so again today, that this holding conflicts with the Eastern District's contrary holding in *Swofford v. State*, 323 S.W.3d 60, 64 (Mo. App. E.D.2010). The Southern District has followed the Eastern District's holding in *Swofford. See Dorris v. State*, —— S.W.3d ——, 2011 WL 742548 (Mo.App. S.D.2011). For the aforementioned reasons set out in *Snyder*, we again reject the holdings in *Swofford* and *Dorris* insofar as they permit the State to raise a matter of trial error for the first time on appeal. Accordingly, we turn to the motion court's decision to deny Gerlt's motion on the merits.

---

**3.** *Snyder* was decided by this court while Gerlt's appeal was pending and after briefing

was completed.

## Standard of Review

In determining whether the motion court erred in denying Gerlt's motion for post-conviction relief, our review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). Error is clear when the record definitely and firmly indicates that the circuit court made a mistake. *State v. Johnson*, 901 S.W.2d 60, 62 (Mo. banc 1995).

## Analysis

In Point One on Appeal, Gerlt argues the motion court clearly erred in denying his Rule 24.035 motion because a review of the entire record leaves a definite and firm impression that his guilty plea was not knowingly, intelligently, and voluntarily entered, due to the ineffective assistance of plea counsel,[4] in that plea counsel did not fully advise Gerlt as to the defense that Officer Oswald had apparent authority to promise Gerlt that the charge in Count II would be dismissed if Gerlt worked with the officer on undercover drug investigations.

" 'To be entitled to post-conviction relief for ineffective assistance of counsel, the movant must satisfy a two-prong test.' " *Glaviano v. State*, 298 S.W.3d 112, 117 (Mo.App. W.D.2009) (quoting *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009)). "The movant must show that his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would exercise in a similar situation and that trial counsel's failure prejudiced the defendant." *Id.*

"However, by entering a plea of guilty, a defendant waives every claim of error except claims involving the voluntariness or understanding of the plea." *Herriford v. State*, 295 S.W.3d 904, 906 (Mo. App. W.D.2009). "A plea must be a voluntary expression of the defendant's choice and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act." *Roberts v. State*, 276 S.W.3d 833, 836 (Mo. banc 2009). "Due process requires that a person who wishes to plead guilty must be competent to do so and must enter the plea knowingly and voluntarily." *State v. Shafer*, 969 S.W.2d 719, 731 (Mo. banc 1998). In addition to his claim that his plea was involuntary due to the inadequacy of counsel's representation, he must also "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Stubbs v. State*, 171 S.W.3d 139, 142–43 (Mo.App. W.D.2005) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

Gerlt's claim on appeal is simple. He claims that his plea counsel failed to advise him of a potential defense to Count II to which he pled guilty. Count II was a charge of driving with a revoked license on September 20, 2006. Gerlt claims that a city officer promised him to get that ticket "taken care of" if Gerlt assisted him in conducting a local drug bust. Gerlt claims he performed his end of the bargain. Further, Gerlt claims that he was told by that officer that, although he had a revoked license, he could continue to drive which resulted in Counts I and Counts III (which were dropped). Gerlt asserts that his defense, of which his plea counsel did not inform him, was that the city officer had "apparent authority" to dismiss the ticket giving rise to Count II. The problems with

---

4. Gerlt argues this violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution and article I, sections 10 and 18(a) of the Missouri Constitution.

this argument on appeal are legion but we will choose just one: this "defense" is not a defense.

 Counsel cannot be deemed ineffective for failing to make or advise his client of a non-existent defense. *See State v. Clemons,* 946 S.W.2d 206, 220 (Mo. banc 1997) (holding that counsel will not be considered ineffective for declining to make an incorrect legal argument). As Gerlt does not allege the city officer had actual authority to grant him immunity from prosecution, Gerlt relies on the doctrine of "equitable immunity" discussed in the Missouri Supreme Court's decision in *State ex rel. Munn v. McKelvey,* 733 S.W.2d 765, 770 (Mo. banc 1987).

> Under this doctrine the government is required by due process as well as equity, to honor its agreements to grant immunity "when it appears from the record that: (1) an agreement was made; (2) the defendant has performed on his side; and (3) the subsequent prosecution is directly related to offenses in which the defendant, pursuant to the agreement, either assisted with the investigation or testified for the government." *Rowe v. Griffin,* 676 F.2d 524, 527–28 (11th Cir.1982).

*Munn,* 733 S.W.2d at 770. Gerlt claims that his reliance on an alleged promise made by the agent of the state requires this Court to find that a defense of equitable immunity was plausible. We disagree. *Munn* made clear that *prosecutors* do not have the inherent authority to grant defendants immunity from prosecution but could only do so pursuant to legislative direction. *Id.* at 769. The decision to grant a citizen immunity is one fraught with peril and must be left to the legislature. *Munn,* 733

S.W.2d at 769. Gerlt, here, is not even arguing that he relied on a prosecutor's promise but rather the promise of a police officer; nor does Gerlt allege that he took actions to inculpate himself, such as by making statements, in reliance on the officer's promise. Gerlt's reliance on *Munn* is misplaced. *Munn* specifically held that "promises of immunity are not binding and constitute no bar to a subsequent prosecution of the immunized witness." *Id.* at 768.[5] Gerlt cites no authority for the proposition that the promises of a police officer to grant immunity that the prosecutor himself does not have authority to grant, and for which the prosecutor was not even consulted, provide a defense to a criminal prosecution which is unrelated to actions taken in reliance on the promises. Gerlt's claim has no merit. Counsel cannot be ineffective for failing to advise his client of a non-existent defense. *Clemons,* 946 S.W.2d at 220. Therefore, the motion court did not clearly err in its denial of Gerlt's post-conviction motion.

Point One is Denied.

 In Point Two on Appeal, Gerlt argues the motion court clearly erred in failing to enter specific findings of fact and conclusions of law denying the claim raised in Gerlt's amended motion, because the failure to make specific findings and conclusions as to each allegation as required by Rule 24.035(j) deprived him of the opportunity for meaningful appellate review in that the motion court did not address the claim that counsel failed to advise Gerlt as to the defense of Officer Oswald's apparent authority to promise Gerlt that the offense charged in Count II would be dismissed if Gerlt worked with the officer in an undercover drug investigation.

---

5. It should be noted that *Munn* was decided before the enactment of section 491.205, which established legislative authority for a prosecutor to grant a witness immunity under certain circumstances. The enactment of this section does not change the analysis that a police officer does not have authority, statutory or otherwise, to grant a person immunity.

Before addressing this issue on the merits, we must consider whether Gerlt has preserved this point of error for review. Gerlt here claims that the motion court failed to make sufficient findings of fact and conclusions of law, required by both statute and court rule, in denying his motion. However, Gerlt failed to file a motion to amend the judgment as required by Rule 78.07(c). Rule 78.07(c) provides that "[i]n all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." This Court previously considered whether Rule 78.07(c) applies to post-conviction claims of error, but declined to rule on the issue as it had not been briefed by the parties. *See Hollingshead v. State*, 324 S.W.3d 779, 782 n. 4 (Mo.App. W.D. 2010). Having received briefing by both parties on the issue, we find no compelling reason not to hold that when a movant in post-conviction proceedings fails to file a motion to amend the judgment pursuant to Rule 78.07(c), he has preserved nothing for review insofar as his claim pertains to the form or language of a judgment. Judge Howard has thoroughly explained the reasoning behind this decision in his dissent in *Hollingshead* and we adopt it here as the holding of the Court.

The purpose of Rule 78.07(c) is to ensure that complaints about the form and language of judgments are brought to the attention of the trial court where they can be easily corrected, alleviating needless appeals, reversals, and rehearings. *See Wilson–Trice v. Trice*, 191 S.W.3d 70, 72 (Mo.App. W.D.2006). This rule has been applied to dismiss a variety of allegations of error on the basis that they were not preserved for appellate review due to a failure to raise the issue in a Rule 78.07(c) motion to amend the judgment. *See, e.g.,* [*Crow v. Crow*, 300 S.W.3d 561, 566 (Mo.App. E.D.2009)] (failure to make findings regarding child support amount under Rule 88.01); *Stuart v. Ford*, 292 S.W.3d 508, 517 (Mo.App. S.D.2009) (lack of finding regarding party's current ability to pay judgment of contempt); *In re M.D.D., Jr.*, 219 S.W.3d 873, 875 (Mo. App. S.D.2007) (failure to make statutorily required findings regarding termination of parental rights); *Wilson–Trice*, 191 S.W.3d at 72 (failure to make statutorily required findings to support custody award).[6]

Motions filed pursuant to Rules 29.15 and 24.035 are governed by the rules of civil procedure insofar as applicable. Rule 29.15(a); Rule 24.035(a). If a civil rule hinders the purposes of the post-conviction rules, it does not apply. *Thomas v. State*, 808 S.W.2d 364, 366 (Mo. banc 1991). If the rule enhances those purposes, or is of neutral consequence, it applies. *Id.* Therefore, the question is whether Rule 78.07(c) comports with the purposes of Rules 29.15 and 24.035 so that it may apply to post-conviction proceedings.

"It is clear that the intent of the framers of Rule 29.15 was to prevent delay, end the use of successive motions, and to discourage 'sandbagging' by the movant." *Rohwer v. State*, 791 S.W.2d 741, 744 (Mo.App. W.D.1990). The common purpose of Rules 24.035 and 29.15 is "to adjudicate claims concerning the validity of the trial court's jurisdiction and the legality of the conviction or sentence of the defendant." *Thomas*, 808 S.W.2d at 366. The rules have an additional pur-

6. Additionally, this Court has previously noted the potential applicability of Rule 78.07(c) to post-conviction cases. *See Wills v. State,* 321 S.W.3d 375, 387 n. 7 (Mo.App. W.D.2010).

pose: to avoid "delay in the processing of prisoners['] claims and prevent the litigation of stale claims." *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). "To further that purpose, the new rules contain strictly enforced time constraints which, if not followed, procedurally bar consideration of a movant's claims." *Thomas,* 808 S.W.2d at 366. These time limits place a heightened responsibility on a movant, his counsel and the courts to timely litigate claims. *Rohwer,* 791 S.W.2d at 743.

Given the nature and purpose of post-conviction proceedings, a number of civil rules have been deemed not to apply to post-conviction motions in that those civil rules would hinder the purposes underlying Rules 29.15 and 24.035. *See, e.g., Thomas,* 808 S.W.2d at 367 (holding that Rule 51.05 permitting a change of judge in a civil action does not apply to post-conviction motions for relief because, in part, the rule would build "in the very delay Rules 24.035 and 29.15 are designed to eliminate"); *State v. McMillin,* 783 S.W.2d 82, 90 (Mo. banc 1990) (holding that Rule 67.01 permitting the re-filing of a civil case after dismissal without prejudice does not apply because it conflicts with the prohibition against the filing of successive post-conviction claims); *Rohwer,* 791 S.W.2d at 744 (holding that Rule 55.33(b) providing that issues not raised by the pleadings, but tried by implied consent, are treated as raised in the pleadings is inapplicable in that it is inconsistent with post-conviction rules that clearly state that "a movant who fails to properly assert all grounds for relief in timely filed motions, forfeits any remedy available for additional claims").

In contrast, Rule 78.07(c) enhances the purposes of Rules 24.035 and 29.15. The interplay between Rule 78.07(c) and Rules 24.035 and 29.15 is more akin to the circumstances in *Thomas v. State,* 180 S.W.3d 50 (Mo.App. S.D.2005). In that case, the court held that Rule 75.01, which gives the trial court control over a judgment for thirty days after its entry, applied to post-conviction proceedings to allow review of the motion court's ruling before it becomes final. *Id.* at 54. Similarly, Rule 78.07(c) aids the purposes underlying post-conviction proceedings in that it affords the motion court the opportunity to expeditiously make corrections, amendments, and modifications to its judgment. Therefore, Rule 78.07(c) should apply to post-conviction proceedings.

*Hollingshead,* 324 S.W.3d at 783–84 (Howard, J., dissenting).

Accordingly, having failed to file a motion to amend the judgment pursuant to Rule 78.07(c), Gerlt has not preserved anything for review and his Point is dismissed.

### Conclusion

For the aforementioned reasons, the motion court's denial of Gerlt's post-conviction motion is affirmed.

All concur.