Christopher Dewayne ATCHISON, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. SD 31999.

Missouri Court of Appeals, Southern District, Division Two.

May 13, 2013.

Matthew W. Huckeby, St. Louis, MO, for Appellant.

Shaun J. MacKelprang, Jefferson City, MO, for Respondent.

MARY W. SHEFFIELD, J.

Christopher Dewayne Atchison ("Movant") appeals the motion court's denial of his Rule 29.15[1] motion for post-conviction relief. In his sole point on appeal, he complains the motion court clearly erred in failing to enter findings of fact and conclusions of law on one of his ineffective assistance of counsel claims. Because Movant failed to preserve his claim for appellate review, we affirm the motion court's judgment.

### Factual and Procedural Background

On March 7, 2009, Barry Morgan ("Officer Morgan") of the Charleston Department of Public Safety arrested Movant on an outstanding warrant while Movant was sitting inside Movant's car. During a subsequent search of Movant's car, Officer Morgan discovered a revolver and a green leafy substance that he suspected was marijuana and that was subsequently determined to be marijuana.

Movant was charged as a prior and persistent offender with unlawful possession of a concealable firearm and with possession of marijuana. Movant's trial counsel filed a motion to suppress the evidence in the case, and the trial court denied the motion. A jury convicted Movant of the charged offenses, and the judge sentenced Movant to concurrent terms of ten years

---

1. All rule references are to Missouri Court Rules (2012).

incarceration for possession of a concealable firearm and thirty days incarceration for possession of marijuana. Movant's convictions were affirmed on appeal in an unpublished decision. *State v. Atchison,* No. SD30356 (Mo.App. S.D.2010).

Movant subsequently file a *pro se* motion for post-conviction relief. The motion court appointed counsel, and counsel filed an amended motion. The amended motion incorporated the claims raised in Movant's *pro se* motion. Several of the incorporated claims challenged the actions of Ellen Flottman ("appellate counsel"), the attorney who represented Movant on his direct appeal. One of those claims alleged appellate counsel had been ineffective for failing to include a point on appeal challenging the denial of the motion to suppress.

The motion court denied the motion after an evidentiary hearing and entered findings of fact and conclusions of law. In its findings and conclusions, the motion court addressed each of the claims from the text of the amended motion but did not discuss Movant's incorporated *pro se* claims. Movant did not file a Rule 78.07(c) motion to amend the judgment, and this appeal followed.

### Discussion

■ In his sole point on appeal, Movant argues the motion court clearly erred in denying his ineffective assistance of appellate counsel claim because the trial court failed to issue findings of fact and conclusions of law. This point must be denied because the point was not preserved for appellate review.

■ Movant's claim was not preserved for appellate review because he did not file a Rule 78.07(c) motion to amend the judgment. Missouri's post-conviction rules require the motion court to enter findings of fact and conclusions of law on all issues presented whether or not a hearing is held. Rule 29.15(j). Because of this, the failure to enter findings of fact and conclusions of law generally requires reversal and remand. *E.g., Hollingshead v. State,* 324 S.W.3d 779, 781 (Mo.App. W.D.2010).

■ However, post-conviction cases are also governed by the rules of civil procedure insofar as applicable. Rule 29.15(a). Under the rules of civil procedure, a claim regarding the form or language of the judgment "must be raised in a motion to amend the judgment in order to be preserved for appellate review." Rule 78.07(c); *Johnson v. State,* 388 S.W.3d 159, 168 (Mo. banc 2012) (applying Rule 78.07(c) in a Rule 29.15 action); *Gerlt v. State,* 339 S.W.3d 578, 584 (Mo.App. W.D.2011)(applying Rule 78.07(c) in a Rule 24.035 action). If the party challenging the failure to make statutorily required findings does not file a motion to amend the judgment, the issue is not preserved for appellate review. *Gerlt,* 339 S.W.3d at 585.

■ "To determine whether a particular rule of civil procedure applies in the context of post-conviction review, the essential inquiry is whether the rule in question enhances, conflicts with, or is of neutral consequence to the purposes of the post-conviction rule." *Thomas v. State,* 180 S.W.3d 50, 53 (Mo.App. S.D.2005) (quoting *Lung v. State,* 179 S.W.3d 337, 339–40 (Mo.App. S.D.2005)). "If a civil rule hinders the purposes of the post-conviction rules, it does not apply." *Gerlt,* 339 S.W.3d at 584. "If the rule enhances those purposes, or is of neutral consequence, it applies." *Id.* Rule 78.07(c) is applicable in the post-conviction context because it prevents delay by bringing errors to the attention of the motion court at a time when those errors can be easily corrected. *Gerlt,* 339 S.W.3d at 584–85; *Johnson,* 388 S.W.3d at 168; *Burston v. State,* 343

S.W.3d 691, 695 n. 4 (Mo.App. E.D.2011). Thus, if a post-conviction movant does not challenge the lack of findings via a motion to amend the judgment, his argument that the motion court clearly erred in denying his claim without findings and conclusions is not preserved for appellate review. *Gerlt*, 339 S.W.3d at 584. The appropriate course of action in such circumstances is to dismiss the point and affirm the motion court's judgment. *Id.*

In the present case, while it is true the motion court did not enter findings on Movant's claim of ineffective assistance of appellate counsel, it is also true Movant failed to file a motion to amend the judgment. Hence, the claim raised on appeal is not preserved, and his point must be dismissed. *See id.*

### Decision

The motion court's judgment is affirmed.

JEFFREY W. BATES, J. and DON E. BURRELL, C.J., concur.