Zel M. Fischer, Judge .
I respectfully dissent. Pursuant to Rule 29.15(k), the motion court ■ entered a final judgment when it overruled Green’s amended motion, regardless of whether it specifically addressed all of the issues in Green’s attached original pro se motion. Therefore, Green’s appeal should not be dismissed for lack of a final judgment. The relevant question before this Court — and, indeed, the question presented by Green in his first point on appeal — is whether the motion court’s failure to make findings and conclusions of law on some of the issues alleged requires remanding the case’. Because he failed to file a motion to amend the judgment pursuant to Rule 78.07(c), it does not.
“The procedure to be followed for motions filed pursuant to this Rule 29.15 is governed by the rules of civil procedure insofar as applicable.” Rule 29.15(a) (Emphasis added). This Court has never before held that Rule 74.01(b) applies tq post-conviction relief proceedings. The reason is simple: the post-conviction rules already control what is to be considered a final judgment. Rule 29.15(k) explicitly provides that “[a]n order sustaining or overruling a motion filed under the provisions of this Rule 29.15 shall be deemed a final judgment for purposes of appeal by the mov-ant or the state.” (Emphasis added); see also Rule 24.035(k). This Court should not import the provisions of Rule 74.01(b), which generally govern finality of civil judgments, because Rule 29.15(k) specifically provides what is deemed a final judgment for purposes of a Rule 29.15 motion. Rule 29.15(a). Contrary to the principal opinion’s assertion,- its application of Rule 74.01(b) necessarily conflicts with Rule 29.15(k) because it renders an order sustaining or overruling a Rule 29.15 motion not a final judgment, even though Rule 29.15(k) unequivocally provides that an- order sustaining or overruling a motion is a final judgment, with no further qualification. In this case, the motion court expressly overruled Green’s Rule 29.15 motion. It is, therefore, a final judgment for purposes of appeal. Rule 29.15(k).
Accordingly, this Court has never treated a motion court’s failure to specifically address — or even acknowledge — all issues .as the failure to enter a final judgment, but has consistently treated such failure as the failure to comply with Rule 29.15(j) or Rule 24.035(3), which both, require the motion court to issue findings and conclusions “on all issues presented,” and considered whether such failure requires remand.[1] See *534 Dickerson v. State, 269 S.W.3d 889, 894-95 (Mo.banc 2008); Edwards v. State, 200 S.W.3d 500, 513 (Mo.banc 2006); Ervin v. State, 80 S.W.3d 817, 825-27 (Mo.banc 2002); Franklin v. State, 24 S.W.3d 686, 692-93 (Mo.banc 2000); Reynolds v. State, 994 S.W.2d 944, 946 (Mo.banc 1999); White v. State, 939 S.W.2d 887, 903 (Mo.banc 1997); State v. White, 873 S.W.2d 590, 594-95 (Mo.banc 1994), superseded by rule on other grounds as stated in Glover v. State, 225 S.W.3d 425 (Mo.banc 2007); Barry v. State, 850 S.W.2d 348, 349-50 (Mo.banc 1993).[2]
As these cases illustrate, the fact that the motion court failed to make findings and conclusions on all issues or even acknowledge all issues is not a circumstance unique to this case. These cases do not represent, in the principal opinion’s words, the typical motion court’s failure “to dot all the T’s’ and cross all the ’T’s’ via complete findings of fact and conclusions of law.” Rather, like this case, the motion court’s judgment in each of thesé cases failed to make findings and conclusions or acknowledge all issues. Nevertheless, in each of these cases, this Court considered only whether such failure required remand.
There is not the slightest discussion in these cases to support the principal opinion’s assumption' that the judgments in these cases are materially different from the one here (such as a blanket-type denial). Moreover, the blanket-type denial in Johnson, unduly focused on by the principal opinion, is not even mentioned in the Johnson opinion. Rather, the principal opinion, after revisiting the record in Johnson, retroactively relies on the motion court’s blanket-type denial to justify this Court’s decision to treat the motion court’s ruling in Johnson as a final judgment.
The principal opinion has merely surmised a distinction where there is none, which is readily apparent when considering this Court’s decisions in State v. White and Reynolds v. State, two opinions that describe motion court judgments that are materially indistinguishable from the one in this case. From White:
In [its] findings of fact and conclusions of law, the motion court failed to rule on all the defendant’s claims set forth in his pro se 29.15 motion. Because defendant’s amended 29.15 motion specifically stated that it was “intended to supplement and not supercede movant’s pro se motion,” the motion court should have made findings on all the issues raised in defendant’s pro se 29.15 motion. Therefore, we remand back to the motion court for findings of fact and conclusions of law on defendant’s pro se 29.15 motion.
873 S.W.2d at 594-95 (emphasis added). This Court further concluded, “Defendant’s appeal based on the failure of the motion court to rule on all the issues contained in his pro se and first amended 29.15 motions is reversed and remanded *535 for further proceedings [to comply with Rule 29.15(j) ].” Id. at 600 (emphasis added). In other words, even though the motion court did not adjudicate issues that this Court held were properly before the motion court, this Court still treated the judgment as a final one on appeal, subject to remand for failure to comply with Rule 29.15(j). Similarly, in Reynolds, the motion court altogether “refused to address” a pro se issue in its judgment that it,believed was not properly before it, meaning the motion court necessarily failed to rule on all issues. 994 S.W.2d at 945.’ This Court, however, determined the issue was properly before the motion court. Id. at 946. Following the principal opinion’s reasoning, this Court should have then dismissed the appeal for lack of a final judgment because the circuit court' did not “adjudicate all claims.” This Court did not do that. Instead, following the consistent practice of this Court, it considered only whether remand was required. See id. When the motion court overrules a post-conviction relief motion but fails to specifically address , or acknowledge all issues, as it did here, the question is not one of finality of judgment but only whether this Court should remand for the motion court to comply with Rule 29.15(j) or Rule 24.035(j).
Prior to the adoption of Rule 78.07(c) and this Court’s declaration in Johnson that Rule 78.07(c) applies to post-conviction proceedings, remand may have been required. Even though a motion court is required to make findings and conclusions on all issues, when this Court was first presented with the question of whether Rule 78.07(c). applies to . post-conviction proceedings, it predictably and specifically held that Rule 78.07(c), does, apply to motions for post-conviction relief.[3] Johnson, 388- S.W.3d at 168. Rule 78.07(c) provides: “In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review.” Therefore, as this Court declared in .Johnson, the applicable remedy when the motion court fails to specifically address ull issues as required by Rule 29.15(j) is to file a motion to amend the judgment.[4]
Green did not file a motion to amend the judgment in the motion court to bring to *536 the motion court’s attention he desired findings and conclusions regarding any issues as required by Rule 78.07(c); therefore, Rule 73.01 presumes all facts not specifically set out in the judgment were found in accordance with the judgment and he did not preserve for appellate review any issues or claims the motion court failed to specifically address.[5] Because Green has waived the opportunity for any further, review concerning the issues for which he did not seek findings and because all the facts not specifically set out in the judgment are presumed to be found' iii accordance with the judgment;' there is no need nor reason to remand for the motion court to make supplemental findings in this case.
Reliance on Reynolds v. State to Approve This Type of Incorporation by Attachment is Misplaced
As discussed above, the only relevant question here is whether the case should ' be remanded pursuant to Rule 29.15(j). However, because the principal opinion insists on creating a finality-of-judgment question, it is worth pointing out that, even without the foregoing straightforward application of Rule 29.15(k), the motion court was not required to address Green’s pro se issues in order to enter a final judgm'ent because Green’s pro se- issues were not properly before the motion court.[6]
Green failed to include his pro se.issues within his amended motion. Post-conviction counsel’s purported “incorporation] by physical attachment” of Green’s pro se motion was nothing more than ah attempted incorporation by reference, a practice disallowed by Rule 29.15(g): “The amended motion shall not incorporate by reference material contained in any previously filed motion.” Any reliance on Reynolds v. State to sidestep Rule 29.15(g) in this case is misplaced. The holding of Reynolds is not so broad as to simply allow all forms of incorporation ' by physical attachment. Rather, a closer look at the circumstances of Reynolds reveals it is readily distinguishable from this case;
[T]he record shows that defense counsel photocopied moyant’s pro se motion and the pro se amendment and then labeled the photocopies “Movant’s Further Issues” and stapled them to the body of the second amended motion. Counsel then added a final page with a prayer for relief, signatures and certificate of service. ■ -
994 S.W.2d at 945. This Court held that this did not run afoul of this Court’s prohibition against incorporation by reference because the rule “does nothing more than preclude counsel from referencing mov-ant’s earlier claims as set out in other documents.” Id. (emphasis added).
Unlike the amended motion in Reynolds, the amended motion here did not include Green’s pro se issues within' the body and before the prayer for relief. The amended motion stated, “Pursuant to. movant’s request, counsel hereby incorporates by physical attachment the pro se claims included in the original Form 40 attachment.” The amended motion then set out five issues with supporting allegations of *537 facts followed by a prayer for relief, signatures, and a certificate of service. It was only after these basic elements of a motion document that Green’s pro se issues then followed. Therefore, regardless of the amended motion’s language, this was an attempted incorporation by reference. That is, the amended motion referred to issues • outside of its body,- outside of its prayer for relief, and, therefore, outside of the document itself. See id. The motion court could not address all of Green’s issues. without reference to other documents.[7] See id. at 946. Accordingly, Green’s pro se. issues were not included within his amended motion, and the motion court’s failure to address or acknowledge those issues could not have affected the finality of its judgment.

. These cases were decided before Johnson, when this Court was first presented with the question of whether Rule 78.07(c) applies when the circuit court fails to comply with Rule 29.15(j) or Rule 24.035(j).

. If a rule of civil procedure "enhances the purposes of [Rule 29.15] or bears a neutral consequence,” the rule is applicable in the context of post-conviction review. Thomas v. State, 808 S.W.2d 364, 366 (Mo.banc 1991). Rule 78;07(c) applies because it enhances the purposes of Rule 29.15. Gerlt v. State, 339 S.W.3d 578, 584-85 (Mo.App.2011). Instead of waiting on an appellate court to inevitably remand the case to the motion court to make findings and conclusions, Rule 78.07(c) requires the matter be brought to the motion court's attention so that the error, real or perceived, may be expeditiously addressed. Id. Simply put,, without Rule 78.07(c), the post-conviction process is drawn out longer than necessary. "Finality is a central aspect of [Rule 29.15], If a meritorious collateral claim exists, the rule is designed to bring it to the fore promptly and cogently.” Fields v. State, 572 S.W.2d 477, 483 (Mo.banc 1978). Because Rule 78.07(c) helps bring about finality, it enhances the purpose of Rule 29.15 and is applicable in the post-conviction context. Applying Rule 74.01(b) as the principal opinion does, however, not only conflicts with Rule 29.15(k) but also délays the finality that application of Rule 78.07(c) helps achieve.

.Any difference between the judgment in Johnson and the judgment here is immaterial because Johnson was addressing the same question that is now before this Court: whether the motion court’s failure to specifically address all issues requires remand. Rule 78.07(c) applies even when the motion court fails to acknowledge all issues. See Gerlt, 339 S.W.3d at 583-84; see also Johnson, 388 S.W.3d at 168 (citing Gerlt in applying Rule 78.07(c)).

. "[TJhere is no plain error review in appeals from judgments on post-conviction motions.” Dorsey v. State, 448 S.W.3d 276, 284 (Mo. banc 2014).

. In my view, the current Rule 29.15(g) clearly prohibits what movant's counsel did in this case, but nevertheless, effective January 1, 2017, Rule 29.15(g) will provide, in relevant part: “The amended motion shall not incorporate by reference or attachment material contained in any previously filed motion nor attach or incorporate the pro se motion. All claims shall be included within the same body and text of the amended motion." (Emphasis added).

. The principal opinion notes that “[t]he type of.physical attachment that Movant effected here is the common practice.” I agree the courts of appeal have extended the rationale of Reynolds beyond its facts, necessitating the amendment to Rule 29.15(g) as set out in footnote 5, However, this Court has not validated the practice or expanded the holding of Reynolds past its facts until today.