STATE of Missouri, Respondent,

v.

Leamon WHITE, Appellant.

No. 71600.

Supreme Court of Missouri,
En Banc.

March 22, 1994.

As Modified on Denial of Rehearing
April 26, 1994.

Melinda K. Pendergraph, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

THOMAS, Judge.

Defendant was convicted in Jackson County Circuit Court of first degree murder, armed criminal action and first degree assault. Defendant was sentenced to death. His direct appeal and motion for post-conviction relief were consolidated. This Court affirmed the appellant's direct appeal and remanded to the motion court for findings on the issue of post-conviction counsel's abandonment in light of *Sanders v. State,* 807 S.W.2d 493 (Mo. banc 1991). On remand, the motion court dismissed defendant's Rule 29.15 motion because it was not properly verified. In the alternative, the motion court reinstated its findings of fact and conclusions of law dated August 1, 1990, whereby the court denied defendant's motion on the merits. The motion court also reinstated its findings of fact and conclusions of law dated April 15, 1992, in which it determined that defendant was not abandoned. This Court holds that: (1) the verification requirement for defendant's pro se 29.15 motion was met when defendant signed the motion; (2) a remand to the motion court in accordance with *Barry v. State,* 850 S.W.2d 348 (Mo. banc 1993), is required for findings of fact and conclusions of law on defendant's pro se 29.15 motion; (3) defendant's first and second amended 29.15 motions were verified, but were not timely filed and should have been dismissed; (4) defendant was abandoned by the decision of the Office of State Public Defender to change defendant's counsel fourteen days before the end of the sixty day period for filing the Rule 29.15 amended motion without leave of court, by his first appointed counsel's withdrawal without leave of the motion court, and by both his first and second appointed counsel's failure to file an amended motion timely; (5) defendant was not abandoned by counsel for improperly verifying his amended motions or for failure to allege sufficient facts and grounds for relief; (6) defendant's first amended 29.15 motion is revived because defendant was abandoned as to the timeliness of the first amended motion but not as to the motion's content; (7) defendant's second amended 29.15 motion was properly dismissed as untimely filed; and (8) on remand the motion court should make findings of fact and conclusions of law on defendant's first amended motion in accordance with *Barry,* 850 S.W.2d 348.

FACTS

We adopt the statement of facts from our earlier opinion in *State v. White,* 813 S.W.2d 862 (Mo. banc 1991). The brief rendition of the facts in *White* are as follows.

On January 5, 1987, defendant went with his friend Roger Buckner to the home of the victims, Don Wright and Carol Kinney. Also present was the third victim, Earnest Black, a guest in the home. The purpose of defendant's visit was to obtain some "crack" cocaine. Wright had previously promised to get the cocaine and sell it to White. When defendant and Buckner arrived, they discussed the crack deal with Wright. During the discussion Cleveland Ford, another of White's friends, came into the house unannounced through the back door and claimed to be associated with defendant and Buckner. At that point, the three purported drug buy-

ers drew guns. Defendant put his gun to Wright's head and asked him where he kept the money and drugs. Wright said there were no drugs or money in the house. Defendant and his companions then tied up Wright, Black, Kinney and Kinney's two children. The assailants beat Wright and Black with their guns, all the while unsuccessfully interrogating them about where the money and drugs could be found.

According to the witnesses' testimony, White declared that the three adults should die. Ford held up Wright's head while defendant slit his throat. Buckner then cut Kinney's throat repeatedly, slicing her jugular vein. Defendant, Buckner, and Ford then turned on the gas stove, extinguished the pilot lights, and left the apartment. Wright died from strangulation and asphyxiation. Black and Kinney survived this vicious attack and later identified White, Buckner and Ford as their attackers.

### RULE 29.15 PROCEEDINGS

After his conviction, defendant filed a timely pro se post-conviction motion on August 17, 1989, which was not notarized. Defendant signed and placed his thumbprint on the pro se motion, stating that a notary public was unavailable. On September 25, 1989, the court appointed the Office of State Public Defender for the Sixteenth Judicial Circuit to represent the defendant on his post-conviction relief motion and granted defendant until October 23, 1989, to file an amended motion. On October 20, 1989, movant's first attorney entered his appearance and moved for a thirty day extension to file his amended motion. The motion court granted defendant an extension until November 23, 1989; this was the only extension authorized by Rule 29.15(e).

On November 9, 1989, which was fourteen days prior to the last day the amended motion could be filed,[1] the first attorney filed a motion to withdraw, and a second attorney entered his appearance as movant's counsel. On November 23, 1989, which was the filing deadline, neither of defendant's appointed counsel had filed an amended motion. On November 27, 1989, defendant's second appointed counsel filed a first amended motion and a motion for a thirty day extension of time. This first amended motion contained a handwritten verification that defendant had signed on November 14, 1989, which was prior to the drafting of the amended motion. The verification was notarized by defendant's second appointed counsel.

Although the motion court had no jurisdiction to do so under Rule 29.15(e), it granted movant's request for a second extension of time to January 9, 1990, to file another amended motion. Movant's counsel filed the second amended motion on January 8, 1990. The second amended motion also contained the handwritten verification that appellant had signed on November 14, which was prior to the drafting of either the first or second amended motions. On August 1, 1990, the motion court entered its findings of fact and conclusions of law denying movant relief without an evidentiary hearing. On appeal from the motion court's findings, this Court remanded to the motion court for a determination of whether post-conviction counsel had abandoned defendant in light of this Court's decision in *Sanders*, 807 S.W.2d 493.

On remand, the motion court found that defendant was not abandoned because his original pro se motion was not properly verified and, therefore, the court dismissed defendant's pro se motion and the first and second amended motions filed by his second attorney. The court concluded that an attorney cannot abandon something that does not exist. In the alternative, the motion court found that: (1) the first attorney's withdrawal without permission of the court did not amount to abandonment because defendant's second attorney had ample time within which to file the first amended motion (sixty days); (2) the late filing of defendant's first amended motion did not amount to abandonment because of the order allowing defendant an extension of time to file his first amended

---

1. The sixty days (original thirty days plus one extension of thirty days) within which the defendant's 29.15 motion could be filed actually expired on November 24, 1989. The court, however, set the filing deadline for November 23, 1989. Thus, defendant's second appointed counsel actually could have had fifteen days under Rule 29.15(f) from the date he entered his appearance to file an amended motion. But the first amended motion was untimely filed on November 27, which was eighteen days after the second attorney entered his appearance.

motion; and (3) defendant was not abandoned by the late filing of his second amended motion because it was filed within the extension granted by the court. Finally, in the third alternative, the motion court reinstated its findings of fact and conclusions of law dated August 1, 1990, overruling defendant's 29.15 motion in the event that this Court determines that it was not proper for the motion court to dismiss defendant's pro se motion and first and second amended motions filed by counsel.

## PRO SE MOTION AND VERIFICATION

The State argues that the motion court did not have jurisdiction to rule on defendant's 29.15 pro se motion because it was not properly verified. Rule 29.15 requires: "The movant shall verify the motion, declaring that he has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion." In *Crawford v. State*, 834 S.W.2d 749, 752 (Mo. banc 1992), we concluded that "verified" as used in Rule 29.15 means that a declaration must be made in a manner that is supported by a movant's oath or affirmation. "A movant does that by subscribing to the required declaration while in the presence of someone authorized by Missouri law to administer oaths and affirmations." *Id.* For inmates such as defendant White, post-conviction motions are generally verified by a notary located in the correctional facility. In our experience, defendants who are incarcerated frequently complain that they have difficulty arranging for a notary public to verify their post-conviction motions so that they can be timely filed. We pass no judgment on the validity of this excuse. But death penalty cases, often involving heinous crimes, have become clouded by arguments regarding verification and the filing of paper work. Missouri courts need to see through this blizzard of paper and technicalities that fog the underlying issues so that they can reach a just and timely result, especially in death penalty cases. The public is frustrated with the drawn-out nature of death penalty cases and, therefore, we need to refine the post-conviction motion requirements to expedite the proceedings.

■ Although we wish to avoid any unnecessary technicalities that hinder a movant's ability to file timely a pro se 29.15 motion, we remain stringent about the time requirements for post-conviction motions. To alleviate one technicality, however, we hold that henceforth, for purposes of filing a pro se 29.15 motion, the defendant's signature will be sufficient verification "that he has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion." Rule 29.-15(d). We will still strictly adhere to the requirement that all grounds not raised in the pro se motion are waived, with the exception of those filed in a timely amended 29.15 motion.

Although we are relaxing the verification requirement for defendants' pro se 29.15 motions, we will continue to require amended motions filed pursuant to Rule 29.15(e) to be properly verified. This is in part because "[a]n amended motion differs significantly from the original motion." *Bullard v. State*, 853 S.W.2d 921, 922 (Mo. banc 1993). The original pro se motion is relatively informal "and need only give notice to the trial court, the appellate court, and the State that movant intends to pursue relief under Rule 29.-15." *Id.* On the other hand, "an amended motion is a final pleading, which requires legal expertise. Counsel must be appointed to represent indigent movants in order to ensure its proper drafting." *Id., citing* Rule 29.15(e). Since the amended motion is drafted by appointed counsel, it is necessary to have the amended motion verified in order to ensure that movant believes it is accurate and constitutes all grounds for relief known to movant. Additionally, this helps to ensure that movant is adequately represented. We will, therefore, continue to require the verification of amended 29.15(e) motions.

■ In its order dated August 28, 1992, the motion court dismissed all of White's 29.15 motions because they were not properly verified. However, the court stated that in the alternative, it overruled defendant's 29.15 motion on the merits for all the reasons stated in the findings of fact and conclusions

of law dated August 1, 1990. In those findings of fact and conclusions of law, the motion court failed to rule on all the defendant's claims set forth in his pro se 29.15 motion. Because defendant's amended 29.15 motion specifically stated that it was "intended to supplement and *not* supercede movant's *pro se* motion," the motion court should have made findings on all the issues raised in defendant's pro se 29.15 motion. Therefore, we remand back to the motion court for findings of fact and conclusions of law on defendant's pro se 29.15 motion. On remand, the motion court shall conform to all of this Court's holdings in *Barry v. State*, 850 S.W.2d 348 (Mo. banc 1993).

### FIRST AND SECOND AMENDED 29.15 MOTIONS

■ The next issue is whether the trial court had jurisdiction to rule on defendant's first and second amended motions. Defendant's amended motion must be properly verified and filed in a timely fashion in order to comply with Rule 29.15(f), which states:

Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion *for one additional period not to exceed thirty days.*

*Id.* (Emphasis added.) Unless both the time and verification requirements are met, the motion court has no jurisdiction to rule on the defendant's 29.15 motion.

■ First, we will address the verification requirement and the effect that defendant White having signed it in blank had on the motion court's jurisdiction. The purpose of requiring verification of defendant's amended motion is to ensure the accuracy and completeness of the 29.15 motion drafted by defendant's counsel. It also discourages frivolous and unfounded allegations. *Malone v. State*, 798 S.W.2d 149, 151 (Mo. banc 1990). In this case, defendant attached a handwritten verification, which he had signed on November 14, 1989, to both his first and second amended motions. This verification, which was signed in blank, predated the existence

of both amended motions. Defendant White stated that he signed the verification in blank during his initial meeting with his appointed counsel "so that it [the verification] would be available when the amended motion was ready." By signing the verification in blank, defendant knew or should have known that he was an active participant in falsely verifying a document that had not yet been written. We, therefore, will not allow him to later argue that the document that he falsely verified is incomplete or does not raise all grounds known for relief. When White signed the verification in blank, he waived all his rights to complain about its content.

The fact that defendant White signed the verification in blank also has no effect on the motion court's jurisdiction. We will not allow a defendant who actively participates in falsifying the verification to argue lack of jurisdiction because of that improper verification. Once White signed the verification and it was notarized by his attorney, he waived all right to assert that the verification requirement of Rule 29.15 was not met for the purpose of establishing the motion court's jurisdiction.

■ The second requirement that must be met to invoke the court's jurisdiction is that the motion be timely filed. Rule 29.15 clearly states that defendant has thirty days to file his amended motion and that the court may extend the period for filing "for one additional period not to exceed thirty days." *Id.* In other words, the defendant is allowed a maximum limit of sixty days to file his amended motion from the day his counsel is appointed. "This Court has held that the effective date of appointment of counsel is the date on which the office of public defender is designated rather than the date of counsel's entry of appearance." *White*, 813 S.W.2d at 864, *citing Schneider v. State*, 787 S.W.2d 718, 720 (Mo. banc), *cert. denied*, 498 U.S. 882, 111 S.Ct. 231, 112 L.Ed.2d 186 (1990).

■ Here, the public defender's office was appointed on September 25, 1989. Defendant's first attorney was given until October 23, 1989, to file his amended motion. Defendant's first attorney then requested a thirty day extension, and he was granted until No-

vember 23, 1989, to file his amended motion. On November 9, defendant's first attorney withdrew and his second appointed attorney entered an appearance. After entering his appearance, however, defendant's second appointed counsel failed to file an amended motion timely. The extension "for one additional period not to exceed thirty days" expired on November 23, 1989. Rule 29.15(f). Defendant's second attorney did not file his first amended motion until November 27, 1989, which was four days after the deadline. On that same day, defendant's second counsel also requested and later received an additional sixty days to file a second amended motion. But by this time he had already been granted his one authorized extension and had exceeded this extension as well as the overall sixty day time requirement of Rule 29.15. By granting the request for a second extension of time, the motion court exceeded its jurisdiction because Rule 29.15 clearly states that the court may grant only one extension not to exceed thirty days. Thus, the court had no jurisdiction to rule on defendant's first or second amended motions because they were all filed out of time. The motion court, therefore, should have dismissed the amended motions as untimely and proceeded on the issue of abandonment pursuant to *Sanders* if there was a request to do so after the dismissal.

## ABANDONMENT

Once we have decided that the motion court had no jurisdiction to rule on the defendant's untimely amended motions, it becomes necessary to determine whether the defendant was abandoned by counsel. Because the motion court has already conducted a detailed *Sanders* hearing on this issue, we will examine the record and make a determination on the issue of abandonment.

The defendant argues that the motion court's finding at the *Sanders* hearing that White was not abandoned by post-conviction counsel was clearly erroneous because it was not supported by the record. The basis of the motion court's decision was that it never had jurisdiction over defendant's pro se 29.15 motion because it was not properly verified. The court reasoned that it was impossible to

abandon a cause that did not exist. As discussed earlier, we have already concluded that defendant's pro se motion properly invoked the jurisdiction of the motion court.

However, the motion court also reinstated its findings of fact and conclusions of law dated April 15, 1992. In those earlier findings, the motion court also concluded that there was no abandonment as a result of counsel's withdrawal, failure to file a timely amended motion, failure to verify, or failure to allege sufficient facts and grounds for relief. The court reasoned that: "A withdrawal with or without leave of court would be an abandonment if a new attorney was left too little time to accomplish his goals." The court then stated that since defendant's second attorney was given sixty days in which to file his amended motion, there was ample time to achieve the requirements of Rule 29.15(e). We have concluded, however, that the amended motions filed by defendant's second attorney were not timely. Thus, the motion court's determination that defendant's second appointed counsel had sixty days in which to file his amended motion is incorrect. Defendant's first and only extension authorized under Rule 29.15 extended the filing date to November 23, 1989. Defendant's first attorney withdrew on November 9, 1989. His second appointed attorney entered his appearance on that same day. That left defendant's second appointed attorney from November 9 to November 23 to file the amended motion. That left him fourteen days (excluding November 9), as opposed to sixty days as suggested by the motion court, to meet with the defendant, research all the possible grounds for relief, and draft the amended motion. This leaves serious question as to whether defendant was abandoned by his first attorney's withdrawal without permission from the motion court and his second attorney's failure to file an amended motion timely.

In *Sanders v. State,* 807 S.W.2d 493, we were faced with the question of whether defendant's counsel's failure to file an amended 29.15 motion timely amounted to abandonment. On remand, we instructed the trial court that "[t]he burden shall be on the movant to demonstrate that the untimeliness

is not the result of negligence or intentional conduct of the movant, but is due to counsel's failure to comply with Rule 29.15(f). If the court determines that the untimeliness resulted from negligence or intentional conduct of movant, the court shall not permit the filing" of an untimely 29.15 amended motion. *Id.* at 495. But if the untimeliness resulted exclusively from counsel's action or inaction, the court should consider movant's amended motion as if it was timely filed. *Id.*

We conclude that the untimely filing of defendant's amended motion was not the result of negligence or intentional conduct by White. Rather, the untimely filing resulted exclusively from the inaction of defendant's appointed counsel. The motion court made a similar finding, although it based its holding on other grounds, when it concluded "that no action or inaction by movant had any effect on [defendant's second counsel's] timing of the filing of the motion." In his affidavit, defendant White stated that: (1) he gave his second appointed counsel "all the information [he] had available to [him] to assist in the preparation of an amended motion," (2) he "did nothing to limit the content of the amended motion," and (3) he did "nothing to delay the filing." This was corroborated by the testimony of defendant's second appointed counsel at the *Sanders* hearing when he testified that: (1) he failed to file a timely motion because there was insufficient time for him to investigate, research and draft the motion, (2) nothing that White did or said or refused to do interfered with his ability to file a timely amended motion, and (3) it was the decision of the public defender's office, rather than White, "to switch attorneys." Defendant's first appointed attorney confirmed that the decision "to switch attorneys" was made solely by the public defender's office. Based on the record, we conclude that defendant White was abandoned by the decision of the public defender's office to change defendant's counsel fourteen days before the end of the sixty day period for filing the Rule 29.15 amended motion without leave of court, by his first appointed counsel's withdrawal without leave of the motion court, and by both his first and second appointed counsel's failure to file a timely amended motion. We find that no action or inaction by White contributed to the delayed filing.

Rule 29.15(e) states: "For good cause shown, appointed counsel may be permitted to withdraw." At a minimum, this means that the motion court must enter an order finding good cause and granting permission for the exchange of counsel. No such order was granted in this case. Neither of defendant's appointed counsel should have participated in this exchange of counsel (1) without an order showing good cause, or (2) so near to the deadline for filing a timely amended motion. An attorney should not withdraw so close to the filing date that the second counsel has insufficient time to meet all the requirements of Rule 29.15. By his own admission, defendant's second counsel did not have enough time to file a timely amended motion after he entered his appearance. Moreover, the conduct of the public defender's office is at least questionable in removing defendant's first appointed counsel fourteen days prior to the filing date, especially since it was done without leave of the motion court. Although we pass no final judgment on either of defendant's attorneys or the public defender's office, we request that the Chief Disciplinary Counsel investigate and determine whether any ethical considerations or disciplinary rules were broken.[2]

---

2. All public defenders are required to be attorneys licensed to practice law in Missouri. § 600.021, RSMo 1986. We believe that Rule 29.15 permits the motion court to appoint a public defender's office or an individual attorney to represent a movant. Rule 29.15 only states that the "court shall cause counsel to be appointed for the movant." It does not require that the court appoint a specific attorney to represent a movant in filing a 29.15 motion. The court, therefore, can appoint a public defender's office because that will "*cause* counsel to be appointed for the movant." Rule 29.15(f) (emphasis add-

ed). Moreover, this Court recognized the appropriateness of such an appointment in *White*, 813 S.W.2d at 864, citing *Schneider*, 787 S.W.2d at 720, when we held "that the effective date of appointment of counsel is the date on which the office of public defender is designated rather than the date of counsel's entry of appearance."

The public defender's office has requested, in certain instances, that the courts appoint one of its offices rather than a specific attorney to represent a movant pursuant to Rule 29.15. If the court appoints a public defender's office to repre-

■ Second, defendant argues that he was abandoned by counsel's failure to ensure that the motion was properly verified. As noted earlier, the amended motions met the verification requirement for the purpose of jurisdiction. Thus, the defendant was not abandoned in regard to the verification requirement. This is especially true since defendant's intentional conduct resulted in the verification being signed prior to the completion of the amended motions. *Sanders,* 807 S.W.2d at 495. This point is denied.

■ Finally, defendant argues that post-conviction counsel abandoned him by failing to allege sufficient facts and grounds for relief in his amended motions. This argument has no merit. Absent total abandonment, such as failure to properly file an amended motion as required by Rule 29.-15(e), defendant has no right to effective assistance of post-conviction counsel. The United States Supreme Court has stated that there is no constitutional right to post-conviction counsel and that failure of the attorney to comply with procedural rules in a collateral proceeding falls on the shoulders of the defendant. *White,* 813 S.W.2d at 867 (Holstein, J., concurring), *citing Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Thus, a defendant's right to post-conviction counsel exists only under Rule 29.15(e) and our holdings in *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991), and *Sanders,* 807 S.W.2d 493.

■ Rule 29.15 requires only that the attorney meet with the movant, ascertain whether sufficient facts supporting the grounds in the pro se motion are asserted, and ascertain whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. Rule 29.15(e). "If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds." *Id.* Absent total aban-

donment of the requirements set forth in Rule 29.15, a *defendant has no recourse under Luleff and Sanders.*

Here, counsel met with White and ascertained that an amended motion needed to be filed but failed to file it properly, resulting in abandonment under *Luleff* and *Sanders.* Defendant acknowledges in his affidavit, however, that he told his second appointed counsel of all grounds known to him. Based on that information, defendant's second counsel filed an amended motion, which stated additional facts and grounds for relief pursuant to Rule 29.15(e). Neither the defendant nor his second appointed counsel testified at the Sanders hearing that the first or second amended motion failed to raise all grounds known to them at the time the motions were filed. Therefore, there is nothing in the record to indicate that defendant's second appointed counsel failed to meet the minimum requirements set forth in Rule 29.15.

Even if White claims that his second counsel failed to raise all meritorious grounds known to White prior to the filing of the amended motions, defendant waived all challenges to the completeness and accuracy of the amended motions when he signed the verification in blank. We will not permit a movant to falsify a verification and then argue that the contents of the amended motion were insufficient. The defendant's last abandonment argument is denied.

## ABANDONMENT REMEDY

■ Having concluded that the defendant was abandoned by post-conviction counsel's failure to file a timely amended motion, we must decide what remedy is available to the defendant. We have resolved this issue in two ways: (1) appointing new counsel to file an amended motion, or (2) instructing the motion court to treat the previously drafted amended motion as timely. The previous cases, however, have been procedurally dif-

sent a movant, we will hold the supervising attorney of that office responsible as if that attorney had been appointed individually to represent movant. Once an individual attorney from a public defender's office enters an appearance on behalf of a movant, we will also hold that attorney responsible as if appointed by name in the

court's order. In this case, the "*State Public Defender* for the Sixteenth Judicial Circuit [was] appointed to represent movant in his motion for relief pursuant to Rule 29.15." Thus, the attorney in charge of that office should be held responsible for the conduct of the public defender's office in this case.

ferent than this one in regard to whether an amended motion was filed and whether the court ruled on the amended motion. In *Luleff*, 807 S.W.2d 495, we remanded to the motion court to determine whether movant was abandoned by counsel's failure to file an amended motion. We instructed the court that if movant was not negligent or otherwise a party to his appointed counsel's *failure to file an amended motion*, the court should appoint new counsel to file an amended motion if counsel determines that there are any meritorious claims for relief. *See also State v. Bradley*, 811 S.W.2d 379 (Mo. banc 1991). In *Sanders*, 807 S.W.2d 493, where counsel *drafted an amended motion but failed to file it timely*, we instructed the motion court to treat the amended motion as timely if counsel was exclusively responsible for its late filing. Prior to the remand in *Sanders*, the motion court had dismissed the amended motion as untimely and did not rule on it. In this case, however, the motion court ruled on the untimely amended motions prior to the defendant's appeal.

Defendant contends that we should follow *Luleff* and allow the motion court to appoint new counsel to file a third amended 29.15 motion. The State persuasively argues, however, that in doing so we would permit the defendant a third bite at the apple, which would contravene the purpose of Rule 29.15. The State suggests that we dismiss both motions as untimely. Although we agree with the State that the second amended motion was properly dismissed as untimely, we reinstate defendant's first amended motion pursuant to *Sanders*.

Defendant White was only abandoned with regard to the timing of his first amended motion, not as to its content. In his affidavit, defendant White stated that he gave his appointed counsel all of the information he had with regard to filing an amended motion. Defendant also signed the verification in blank, which resulted in his waiving any claim that the amended motions were incomplete. Plus, neither the defendant nor his second appointed counsel testified at the *Sanders* hearing that the first amended motion did not contain all grounds known to them at the time it was filed. Defendant's

counsel merely complained that the first amended motion was late because he was not given enough time. Therefore, defendant was not abandoned as to the content of his first amended motion. He was only abandoned as to the timeliness of his first amended motion. We, therefore, conclude that defendant's first amended motion should be reinstated.

■ The defendant is not entitled, however, to have his second amended motion reinstated. We have already determined that defendant was abandoned only by the late filing of his first amended motion. By reinstating the first amended motion, we have cured the timeliness problem, and the first amended motion now meets the minimum requirements of Rule 29.15. To let the defendant also have the benefit of the second untimely amended motion would grant the defendant additional relief beyond that which he was originally entitled to receive under Rule 29.15. Defendant White only had the right to have his appointed counsel draft one amended motion that complied with the requirements of Rule 29.15(e). We are unwilling to grant the defendant any additional relief beyond that which is required by Rule 29.15. Therefore, we will not reinstate the defendant's untimely second amended motion.

Defendant contends, however, that the motion court failed to rule on all of defendant's points in his first amended motion. On remand, the motion court should determine the validity of this contention, which is similar to defendant's claim regarding his pro se motion. The motion court should have drafted findings and conclusions on all of the issues raised in defendant's pro se and first amended motions. On remand, the court should make findings of fact and conclusions of law in accordance with *Barry*, 850 S.W.2d 348.

■ Defendant also argues that he was denied his right to due process under the Missouri and United States constitutions because the prosecutor drafted the August 1, 1989, findings of fact and conclusions of law. Defendant further argues that the judge's alleged delegation of his duties to the prosecutor deprived White of his right under Article V, Section 1, of the Missouri Constitution

to have his post-conviction motion decided by a court vested with judicial power.

Adopting all or part of a party's proposed findings, or adopting by reference the wording of a party's motion, has become a common practice among lawyers and judges in both criminal and civil cases. Courts frequently request both parties to draft findings of fact and conclusions of law that conform to how the court intends to resolve the issues in dispute. The court then takes the parties' recommendations under advisement and either drafts its own findings of fact and conclusions of law or adopts one of the parties' findings in whole or in part. As long as the court thoughtfully and carefully considers the parties' proposed findings and agrees with the content, there is no constitutional problem with the court adopting in whole or in part the findings of fact and conclusions of law drafted by one of the parties. Once the trial court determines that it agrees with one of the parties' findings and signs the order, the court has in effect adopted that party's findings as its own.

It is clear from the record that the prosecutor drafted some or all of the August 1, 1990, findings of fact and conclusions of law. We find no constitutional violation regarding this practice as long as the trial court is satisfied that its findings of fact and conclusions of law reflect its independent judgment. Because there was no evidence presented that the findings and conclusions did not reflect the court's own independent judgment, this point is denied.

## CONCLUSION

Defendant's appeal based on the failure of the motion court to rule on all the issues contained in his pro se and first amended 29.15 motions is reversed and remanded for further proceedings consistent with *Barry*, 850 S.W.2d 348.

All concur.