STATE of Missouri, Respondent,

v.

Henry L. SUMLING, Appellant.

Henry L. SUMLING, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 69019, 69990.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 10, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 5, 1997.

Application to Transfer Denied March 25, 1997.

Kent Denzel, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before CRAHAN, P.J., and GRIMM and HOFF, JJ.

PER CURIAM.

Defendant appeals the judgment and sentence entered following his conviction by a jury of two counts of sale of a controlled substance near public housing in violation of § 195.218 RSMo 1994. Defendant also appeals the denial of his Rule 29.15 motion for post-conviction relief as untimely.

We have reviewed the briefs of the parties and record on appeal and find Defendant's contentions on direct appeal to be without merit. We further find that an extended opinion reciting the detailed facts and restating the principles of law would have no precedential value. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order. Defendant's judgment of conviction is affirmed pursuant to Rule 30.25(b).

The State concedes that Defendant's *pro se* Rule 29.15 motion was timely filed and this is confirmed by our independent review of the record. The State urges, however, that the trial court's dismissal of Defendant's Rule 29.15 motion may nevertheless be affirmed because the *pro se* motion was not "substantially in the form of Criminal Procedure Form 40" as required by Rule 29.15(b). We have received the motion and find that it is sufficient to apprise the trial court, this court and the State of movant's intent to pursue relief under Rule 29.15. Therefore, it is sufficient to require the trial court to appoint counsel [1] to prepare an amended motion and to address the issues raised on the merits. *See State v. White*, 873 S.W.2d 590, 594 (Mo. banc 1994). Accordingly, we reverse the judgment of dismissal and remand the motion cause for further proceedings consistent with this opinion.

1. The trial court entered a finding that Defendant

