

# SUPREME COURT OF MISSOURI
# en banc

STEVEN D. GREEN,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Appellant,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　)　　　No. SC95363
　　　　　　　　　　　　　　　　　　　　　　)
STATE OF MISSOURI,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Respondent.　　　　　　　　　)

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY
The Honorable Thomas Mountjoy, Judge

### *Opinion issued August 9, 2016*

Appellant Steven Green (Movant) appeals from the denial of his amended Rule 29.15 motion for post-conviction relief.  The amended motion raised five ineffective assistance of counsel claims and incorporated the 13 additional claims from Movant's *pro se* Rule 29.15 motion by physically attaching the *pro se* motion to his amended motion.  Movant argues the motion court's judgment did not adjudicate all of the incorporated *pro se* claims.  The State argues that Movant waived any challenge to the lack of findings of fact and conclusions of law because Movant did not seek to remedy the error by filing a motion to amend the judgment under Rule 78.07(c).  The Court holds that Rule 78.07(c)

does not apply here because the motion court did not merely fail to make findings of fact and conclusions of law on the relevant *pro se* claims, but it also failed to adjudicate them.

The State additionally suggests that all *pro se* claims are presumed denied pursuant to Rule 73.01(c), which states that all "fact issues" upon which no specific findings are made are presumed found in accordance with the judgment. This Court holds that application of Rule 73.01(c) is also not appropriate here as the enumerated grounds for relief in Movant's Rule 29.15 motion were not "fact issues" but individual *claims*. *See* Rule 29.15(a); Missouri Criminal Procedure Form No. 40.

Because the failure to adjudicate all claims in the motion resulted in the lack of a final judgment, the appeal is dismissed. Rule 74.01(b); *Ndegwa v. KSSO, L.L.C.*, 371 S.W.3d 798, 801 (Mo. banc 2012).

### Factual and Procedural Background

A jury convicted Movant of first-degree statutory rape and incest pursuant to section 566.032, RSMo 2000, and 568.020, RSMo Supp. 2013, respectively. After those convictions were affirmed on direct appeal, Movant filed a *pro se* Rule 29.15 motion for post-conviction relief. The *pro se* motion contained 13 claims and was stapled to an amended Rule 29.15 motion that raised five claims of ineffective assistance of counsel.

The five claims filed by counsel in the amended motion encompassed the substance of many of Movant's *pro se* claims. But two of the claims in Movant's *pro se* motion, claim 8.C.2, which alleged trial counsel was ineffective for failing to request a speedy trial, and 8.C.3, which alleged that trial counsel was ineffective for failing to

2

investigate and interview witnesses in a timely fashion, were not encompassed in the five claims filed by counsel in the amended motion. The motion court held an evidentiary hearing at which Movant presented evidence on the claims in the amended motion and the *pro se* motion. The court made findings of fact and conclusions of law on only the five claims in the amended motion. The motion court's judgment began the "conclusions of law" section by stating that there were only five claims before the court. The judgment stated:

> In Movant's Amended Motion to Vacate, Set Aside, or Correct Judgment or Sentence in his case, Movant makes *five* claims: that Movant was denied his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution . . . .

(emphasis added). The motion court continued, in 10 paragraphs, to specifically discuss the five claims of ineffective assistance of counsel in the amended motion, issuing findings of fact and conclusions of law on only those five claims. The judgment concluded by stating: "For these reason, [sic] Movant's claim for post-conviction relief must be denied." The judgment, however, contained no acknowledgment, discussion, or adjudication of the *pro se* claims 8.C.2 or 8.C.3. Movant appeals.[1]

### Standard of Review

This Court reviews the denial of a Rule 29.15 motion for post-conviction relief to determine whether the motion court's findings of fact and conclusions of law were clearly erroneous. Rule 29.15(k); *Dorsey v. State*, 448 S.W.3d 276, 283 (Mo. banc

---

[1] This Court granted transfer after opinion by the court of appeals. MO. CONST. art. V, sec. 10.

3

2014).  A final judgment is one that resolves all claims and issues in a case, leaving nothing for future determination.  *Ndegwa v. KSSO, L.L.C.*, 371 S.W.3d 798, 801 (Mo. banc 2012); Rule 74.01(b).  A final judgment is a prerequisite for appeal.  *Ndegwa*, 371 S.W.3d at 801.  Absent a final judgment, there is no appellate review and the appeal must be dismissed.  *Id.*

## Analysis

Movant argues the motion court's judgment was clearly erroneous because the judgment did not adjudicate *pro se* claims 8.C.2 and 8.C.3, as evidenced by the lack of any mention of those claims in the judgment, much less any findings of fact and conclusions of law on those claims.

### 1.  Movant Properly Complied with Rule 29.15(g)

The parties agree that Movant's *pro se* motion and the amended motion were timely filed and that the *pro se* motion was physically attached to the amended motion. Pursuant to the current version of Rule 29.15(g),[2] when counsel files an amended motion for post-conviction relief following a timely filed initial *pro se* motion, counsel is permitted to incorporate the allegations and claims in the *pro se* motion by physically attaching the *pro se* motion to the amended motion.  *Reynolds v. State*, 994 S.W.2d 944, 945-46 (Mo. banc 1999).

---

[2] Effective January 1, 2017, Rule 29.15(g) will provide, in relevant part: "The amended motion shall not incorporate by reference *or attachment* material contained in any previously filed motion *nor attach or incorporate the pro se motion.  All claims shall be included within the same body and text of the amended motion*."  (emphasis added).

4

Even though the State does not allege any impropriety about Movant's physical attachment of his *pro se* motion to his amended motion, the dissent asserts, *sua sponte*, that Movant failed to properly comply with Rule 29.15(g). Movant's counsel explicitly referenced the *pro se* claims within the body of the amended motion and then stapled the *pro se* motion to the amended motion. Nevertheless, the dissent argues that, under *Reynolds*, this was insufficient to incorporate the *pro se* motion. This assertion, however, is not based on an accurate reading of *Reynolds*. As the dissent notes, *Reynolds* held that the rule's ban on incorporation by reference "does nothing more than preclude counsel from referencing movant's earlier claims as set out in other documents." *Id.* at 945. But the dissent fails to acknowledge that *Reynolds* also stated that the "obvious purpose" of this preclusion was to ensure that the motion court will not have to search for documents that "are not immediately at hand." *Id.* *Reynolds* never held that a movant must include the *pro se* claims in the body of the motion and add a new prayer for relief. The dissent's interpretation constitutes new law and contradicts this Court's current rules and case law. In reality, the actions that the movant in *Reynolds* actually took were more than what the ruling in the case required or what is required by the current Rule 29.15(g). *Reynolds'* concern, as well as Rule 29.15(g)'s, is with sufficient physical attachment such that the motion court will not be required to search a file for a document that is mentioned in, but not attached to, the amended motion. Physically stapling the *pro se* motion to the amended motion meets all of the concerns raised by *Reynolds* and Rule 29.15(g).

5

The type of physical attachment that Movant effected here is the common practice that resulted from the holding in *Reynolds*, as evidenced by the fact that in this case the State never alleged an invalid incorporation under *Reynolds*.  *See also Hardy v. State*, 306 S.W.3d 159, 160 n.3 (Mo. App. 2010) (noting that, while better practice is to list *pro se* claims in the text of the amended motion, movant's physical attachment of all *pro se* claims was permitted under *Reynolds*); *Johnson v. State*, 189 S.W.3d 698, 702 (Mo. App. 2006) (stating that counsel does not abandon a movant if he does no more than physically attach *pro se* claims to an amended motion, because such practice is permitted under *Reynolds*); *Palmer v. Prudden*, 2008 WL 4601675, at *6 n.6 (Mo. E.D. 2008) (recognizing that, under *Reynolds*, Rule 29.15(g)'s ban on incorporation by reference does not apply to physical attachment of earlier motions to an amended motion). Moreover, despite what the dissent suggests, this practice is what ultimately has necessitated the forthcoming change to Rule 29.15(g).  It is illogical to say that physically attaching the *pro se* motion to the amended motion is currently prohibited by Rule 29.15(g).  Were that the case, it would be unnecessary to change Rule 29.15 to specifically bar such practice, as will be the case when the new version of the rule takes effect on January 1, 2017.  As a result, Movant's incorporation by physical attachment was effective to incorporate the *pro se* claims into the amended motion.

## 2. *Rule 78.07(c) Does Not Apply Here*

Absent an applicable exception,[3] the motion court was required to issue findings of fact and conclusions of law on not only the five claims raised in the amended motion, but also the attached *pro se* claims that were not encompassed in counsel's five claims in the amended motion for post-conviction relief. Rule 29.15(j); *Atchison v. State*, 420 S.W.3d 559, 561 (Mo. App. 2013).

The State argues, however, that the motion court's failure to issue findings of fact and conclusions of law on claims 8.C.2 and 8.C.3 does not require reversal because Movant waived that argument by failing to file a motion to amend the judgment under Rule 78.07(c). Rule 78.07(c) provides: "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." The purpose of the rule is "to ensure that complaints about the form and language of judgments are brought to the attention of the trial court where they can be easily corrected, alleviating needless appeals, reversals, and rehearings." *Dunlap v. State*, 452 S.W.3d 257, 263 (Mo. App. 2015).

This Court has held that Rule 78.07 applies in post-conviction relief proceedings. *Johnson v. State*, 388 S.W.3d 159, 168 (Mo. banc 2012). But application of Rule 78.07(c) is not appropriate here because the motion court's judgment is unlike the

---

[3] There are a number of exceptions to this requirement of Rule 29.15(j). *See White v. State*, 57 S.W.3d 341, 343 (Mo. App. 2001). None of the exceptions are relevant here.

7

judgment in *Johnson*.  In *Johnson*, the movant argued that the findings of fact and conclusions of law on one particular claim, claim 8.F, were insufficient.  *Id.* at 168. Although the judgment expressly denied claim 8.F, because of a scrivener's error, the section of the judgment discussing claim 8.F. actually reviewed a different claim.[4]  As a result, there were no findings of fact or conclusions of law addressing claim 8.F.  The motion court otherwise did specifically deny each claim in the *pro se* and amended motions and additionally concluded with an express denial of all claims by stating: "Movant has failed to establish by a preponderance of the evidence that he is entitled to the relief requested in his pro se and amended motions."  (emphasis added).  In light of that language, all the *pro se* and amended claims were expressly adjudicated, and the movant's claim of error truly was with the "form or language" of the motion court's judgment for a failure to issue findings of fact and conclusions of law on all claims. *Johnson* properly found that such an argument had to be brought under Rule 78.07(c) to be preserved.  *Id.*

Here, by contrast, there was no mention in the motion court's judgment of claims 8.C.2 or 8.C.3 and no statement by the motion court denying all claims in *both the pro se and amended motions*.  It was clear that the motion court was ruling on only the five claims in the amended motion because, after specifically discussing those five claims at

---

[4] On its face, *Johnson* applied Rule 78.07(c) generally but did not discuss in detail the language in the motion court's judgment.  A review of the underlying record in *Johnson*, however, reveals that the motion court attempted to fully address all claims in both the amended and *pro se* motions.  It was only a scrivener's error that prevented findings of fact on the claim that was the basis of the appeal.

length, the court concluded by stating: "For these reason, [sic] Movant's claim for post-conviction relief must be denied." The motion court's judgment of denial clearly spoke to only the five claims in the amended motion. As a result, the two *pro se* claims were never adjudicated by the motion court.

There is a difference between a motion court's (1) error with the "form or language" of the judgment when the judgment fails to include unambiguous findings of fact or conclusions of law on an adjudicated claim (as was the case in *Johnson*), and (2) its failure to dispose of or adjudicate the claim itself (as is the case here). The former can be addressed under Rule 78.07(c); the latter cannot.

Because of this distinction, reliance on Rule 73.01 is also misplaced. The State suggests that, notwithstanding the lack of specific findings, claims 8.C.2 and 8.C.3 are presumed denied pursuant to Rule 73.01(c). That rule provides that "all fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c). That rule is not applicable as it concerns "fact issues." The situation here is *claims* that were not adjudicated, specifically claims 8.C.2 and 8.C.3.

The various grounds a movant lists in a Rule 29.15 motion for post-conviction relief are distinct *claims* for relief and may be independent of others. They are not separate factual grounds that are part of one larger claim. This is evidenced by the language of Rule 29.15(a), which states that a motion under Rule 29.15 is the "exclusive procedure by which [a movant] may seek relief in the sentencing court for the *claims*

9

enumerated." (emphasis added). It is also evidenced by Missouri's Criminal Procedure Form No. 40, the form a movant is required to timely file to initiate a Rule 29.15 proceeding. Subpart 8 of that form directs the movant to "[s]tate concisely *all the claims* known to you for vacating, setting aside or correcting your conviction and sentence." Missouri Criminal Procedure Form No. 40 (8) (emphasis added). Subpart 9 requires a movant to set out "the facts supporting *each of the claims* set out in (8) . . . ." Missouri Criminal Procedure Form No. 40 (9) (emphasis added). Accordingly, Movant's amended motion raised separate claims, designating them in subparagraphs enumerated as 8.A, 8.B, 8.C, 8.D, etc.[5]

### 3. Failure to Comply With Rule 74.01(b) Requires Dismissal

Recognizing that Movant's Rule 29.15 motion raised five claims for relief that were adjudicated, and two that were not , the issue is not the application of Rule 78.07(c) or 73.01(c), but the application of Rule 74.01(b) because there is a lack of a final judgment. Rule 74.01(b) states that, "[w]hen more than one claim for relief is presented in an action," the court may enter a judgment on fewer than all of the claims only upon express determination that there is no just reason for delay. Rule 74.01(b). Absent such a determination, "any order or other form of decision, however designated, that

---

[5] The dissenting opinion disputes this conclusion, arguing that a Rule 29.15 motion is one claim for relief from a conviction or sentence that violates the laws or constitution of Missouri or the United States Constitution. It argues that the individual grounds raised in support of such relief are not distinct claims, but merely factual "issues." As stated above, this is inconsistent with the language of Rule 29.15(a) and the form used to initiate a Rule 29.15 proceeding. Additionally, various claims in a civil action, such as in a Rule 29.15 proceeding, often may seek common *relief* (here, relief from a conviction or sentence). Yet that does not somehow collapse the claims into one.

adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims or parties . . . ." *Id.*

The dissent argues that Rule 74.01(b) does not apply in a Rule 29.15 proceeding. Although Rule 29.15(a) indeed states that Rule 29 is subject to the rules of civil procedure "insofar as applicable," the reason for this caveat is obvious. Many rules of civil procedure have no possible connection or application to a Rule 29.15 proceeding.[6] Such is not the case with Rule 74.01(b). As the dissent notes, Rule 74.01(b) governs the finality of judgments in civil actions, which includes a Rule 29.15 proceeding. *State v. Basile*, 942 S.W.2d 342, 362 (Mo. banc 1997).

Yet that does not end the inquiry because, in determining whether a rule of civil procedure applies in a post-conviction proceeding, this Court focuses on whether the rule "enhances, conflicts with, or is of neutral consequence" to Rule 29.15. *Thomas v. State*, 808 S.W.2d 364, 366 (Mo. banc 1991). If Rule 74.01(b) either enhances or has a neutral effect on the purposes of Rule 29.15, it is applicable. *Id.* Despite the dissent's argument that Rule 74.01(b) conflicts with Rule 29.15(k), there is no conflict. Rule 29.15(k)'s statement that an order "sustaining or overruling a motion filed under [Rule 29.15] shall be deemed a final judgment for purposes of appeal" obviously presumes that the motion court's disposition actually adjudicated all *claims* presented in the motion. Rule 74.01(b) provides that failure to do so results in the lack of a final judgment because some claims remain for future determination. *Ndegwa*, 371 S.W.3d at 801; Rule 74.01(b). When read

---

[6] *See, e.g.,* Rule 68 (masters and receivers); Rule 69 (trial by jury); Rule 71 (verdicts).

11

together, Rule 74.01(b) enhances the purpose of Rule 29.15, which is to allow a vehicle for a movant to have review of all *claims* for relief from his conviction or sentence efficiently adjudicated by a motion court.

The dissent, to support its position, cites numerous post-conviction cases, which were decided prior to the application of Rule 78.07(c) in *Johnson.* All of these cases considered whether remand was necessary when a motion court failed to issue findings of fact and conclusions of law on a claim. Those cases, however, do not present the central issue found in this case—the failure of the motion court to acknowledge, adjudicate, and dispose of all claims in its judgment. Instead, they focused exclusively on a motion court's failure to make sufficiently specific findings of fact and conclusions of law on all issues presented to the court.[7]

---

[7] *See Dickerson v. State,* 269 S.W.3d 889, 894–95 (Mo. banc 2008) (the motion court "failed to address [movant's] claim of ineffective assistance of counsel in its findings of fact and conclusions of law," and the Court remanded the case with directions for the motion court to address the claim in its findings and conclusions); *Edwards v. State*, 200 S.W.3d 500, 513 (Mo. banc 2006) (movant alleged that the motion court "only made specific findings of fact and conclusions of law" on five of the 14 issues he raised in his motion, but this Court concluded that the motion court's "generalized finding that counsel were effective" was sufficient on the record before it and that the motion court was not required to make findings of fact on movant's other claims because they presented only questions of law); *Ervin v. State*, 80 S.W.3d 817, 825–27 (Mo. banc 2002) (the motion court's "findings and conclusions" relating to one of movant's claims were not "specific enough," and the case was remanded to the motion court for it to make "more specific findings and conclusions" on that claim); *Franklin v. State*, 24 S.W.3d 686, 692–93 (Mo. banc 2000) (the motion court's "[g]eneralized findings" were sufficient to permit appellate review, and the motion court was not required to enter findings on claims that were not cognizable in post-conviction proceedings); *White v. State*, 939 S.W.2d 887, 903 (Mo. banc 1997) (remand was not necessary when "the motion court made extensive and specific findings and conclusions on every claim but one and the only claim upon which a necessary conclusion of law was omitted was a meritless allegation"); *Barry v. State*, 850 S.W.2d 348, 349–50 (Mo. banc 1993) (when the motion court entered a summary order denying post-conviction relief

The dissent relies in particular on *State v. White*. 873 S.W.2d 590, 595 (Mo. banc 1994). In *White*, the motion court failed to issue sufficient findings of fact and conclusions of law on all claims because the court did not believe certain *pro se* claims were properly before it. *Id.* In effect, this Court viewed the motion court's judgment as having incomplete findings of fact and conclusions of law. The Court consequently remanded the case to the motion court "for findings of fact and conclusions of law" on the movant's *pro se* claims.[8] *Id.*

Similarly, in *Reynolds*, this Court held that the motion court clearly erred in refusing to address a movant's *pro se* claim that was physically attached to the amended Rule 24.035 motion. 994 S.W.2d at 945-46. The Court determined that reversal and remand were unnecessary, however, because the movant was not entitled to relief on that claim as a matter of law. *Id.* at 946.[9]

*White*, *Reynolds*, and the other cases cited by the dissent demonstrate that, prior to *Johnson*, when a motion court failed to enter necessary findings of fact and conclusions of law, appellate courts remanded the case for the making of the omitted findings and conclusions. These cases, however, are not controlling because they did not address the actual issue presented here. The issue here is what is the remedy when a motion court's judgment does not acknowledge the existence of, much less adjudicate, all of a movant's

without issuing any findings of fact or conclusions of law, this Court held that Rule 24.035(j) requires the motion court to enter such findings and conclusions).

[8] The movant in *White* did not argue, and the Court did not discuss, whether the motion court's judgment constituted a final judgment. *Id.*

[9] Additionally, this Court in *Reynolds* affirmed the motion court's judgment rather than remanding for additional findings and conclusions. *Id.*

13

claims. For Rule 78.07(c) to apply, two situations must be present: (1) the motion court did not make required findings of fact and conclusions of law on all claims and (2) there was a final judgment under Rule 74.01(b) because the motion court disposed of all claims by stating that all *pro se* and amended claims were denied. But this is not a Rule 78.07(c) case where the motion court failed to dot all the "I's" and cross all the "T's" via complete findings of fact and conclusions of law. Instead, this case presents a motion court's failure to specifically *adjudicate* and dispose of all claims in its judgment.

The motion court's judgment indicates that the court did not acknowledge, adjudicate, or dispose of Movant's *pro se* claims. The judgment expressly stated that it was overruling the Rule 29.15 motion for the reasons contained in its findings of fact and conclusions of law, which encompassed only five of Movant's seven claims. A judgment, such as this one, that does not dispose of all the claims in a case is not final. Rule 74.01(b); *Ndegwa*, 371 S.W.3d at 801. Because this judgment is not final, the appeal must be dismissed. *Id.*

**Conclusion**

14

The appeal is dismissed.[10]

_____
Mary R. Russell, Judge

Breckenridge, C.J., Stith, Draper and Teitelman, JJ., concur; Fischer, J., dissents in separate opinion filed; Wilson, J., concurs in opinion of Fischer, J.

---

[10] Because Movant's first point on appeal is purely procedural and dispositive, this Court offers no comment on or discussion of the remaining points on appeal or the substantive claims in either his *pro se* or amended motion.


STEVEN D. GREEN, )
)
        Appellant, )
)
v. )   No. SC95363
)
STATE OF MISSOURI, )
)
        Respondent. )

## DISSENTING OPINION

I respectfully dissent. Pursuant to Rule 29.15(k), the motion court entered a final judgment when it overruled Green's amended motion, regardless of whether it specifically addressed all of the issues in Green's attached original *pro se* motion. Therefore, Green's appeal should not be dismissed for lack of a final judgment. The relevant question before this Court—and, indeed, the question presented by Green in his first point on appeal—is whether the motion court's failure to make findings and conclusions of law on some of the issues alleged requires remanding the case. Because he failed to file a motion to amend the judgment pursuant to Rule 78.07(c), it does not.

"The procedure to be followed for motions filed pursuant to this Rule 29.15 is governed by the rules of civil procedure **insofar as applicable**." Rule 29.15(a) (Emphasis added). This Court has never before held that Rule 74.01(b) applies to post-conviction relief proceedings. The reason is simple: the post-conviction rules already control what is

to be considered a final judgment. Rule 29.15(k) explicitly provides that "[a]n order sustaining or overruling a motion filed under the provisions of this Rule 29.15 **shall be deemed a final judgment for purposes of appeal** by the movant or the state." (Emphasis added); *see also* Rule 24.035(k). This Court should not import the provisions of Rule 74.01(b), which generally govern finality of civil judgments, because Rule 29.15(k) specifically provides what is deemed a final judgment for purposes of a Rule 29.15 motion. Rule 29.15(a). Contrary to the principal opinion's assertion, its application of Rule 74.01(b) necessarily conflicts with Rule 29.15(k) because it renders an order sustaining or overruling a Rule 29.15 motion not a final judgment, even though Rule 29.15(k) unequivocally provides that an order sustaining or overruling a motion is a final judgment, with no further qualification. In this case, the motion court expressly overruled Green's Rule 29.15 motion. It is, therefore, a final judgment for purposes of appeal. Rule 29.15(k).

Accordingly, this Court has never treated a motion court's failure to specifically address—or even acknowledge—all issues as the failure to enter a final judgment, but has consistently treated such failure as the failure to comply with Rule 29.15(j) or Rule 24.035(j), which both require the motion court to issue findings and conclusions "on all **issues** presented," and considered whether such failure requires remand.[1] *See Dickerson*

---

[1] The principal opinion reaffirms the application of Rule 78.07(c) to the blanket-type denial of a post-conviction motion. Slip op. at 7–8. The principal opinion creates an arbitrary distinction when the finality of a motion court's judgment depends on whether the motion court generally denies all claims in an attached *pro se* motion (a final judgment) or addresses some but not all of the claims in the attached *pro se* motion (not a final judgment). Compare the motion court's judgment in *Johnson v. State*, 388 S.W.3d 159 (Mo. banc 2012)—"Movant has failed to establish by a preponderance of the evidence that he is entitled to the relief requested in his pro se and amended motions." (a final judgment)—with the motion court's judgment in this case—"Movant's claim for post-conviction relief must be denied." (not a final judgment).

2

*v. State,* 269 S.W.3d 889, 894–95 (Mo. banc 2008); *Edwards v. State*, 200 S.W.3d 500, 513 (Mo. banc 2006); *Ervin v. State*, 80 S.W.3d 817, 825–27 (Mo. banc 2002); *Franklin v. State*, 24 S.W.3d 686, 692–93 (Mo. banc 2000); *Reynolds v. State*, 994 S.W.2d 944, 946 (Mo. banc 1999); *White v. State*, 939 S.W.2d 887, 903 (Mo. banc 1997); *State v. White*, 873 S.W.2d 590, 594–95 (Mo. banc 1994), *superseded by rule on other grounds as stated in Glover v. State*, 225 S.W.3d 425 (Mo. banc 2007); *Barry v. State*, 850 S.W.2d 348, 349–50 (Mo. banc 1993).[2]

As these cases illustrate, the fact that the motion court failed to make findings and conclusions on all issues or even acknowledge all issues is not a circumstance unique to this case. These cases do not represent, in the principal opinion's words, the typical motion court's failure "to dot all the 'I's' and cross all the 'T's' via complete findings of fact and conclusions of law." Rather, like this case, the motion court's judgment in each of these cases failed to make findings and conclusions or acknowledge all issues. Nevertheless, in each of these cases, this Court considered only whether such failure required remand.

There is not the slightest discussion in these cases to support the principal opinion's assumption that the judgments in these cases are materially different from the one here (such as a blanket-type denial). **Moreover, the blanket-type denial in *Johnson*, unduly focused on by the principal opinion, is not even mentioned in the *Johnson* opinion.** Rather, the principal opinion, after revisiting the record in *Johnson*, retroactively relies on

---

[2] These cases were decided before *Johnson*, when this Court was first presented with the question of whether Rule 78.07(c) applies when the circuit court fails to comply with Rule 29.15(j) or Rule 24.035(j).

3

the motion court's blanket-type denial to justify this Court's decision to treat the motion court's ruling in *Johnson* as a final judgment.

The principal opinion has merely surmised a distinction where there is none, which is readily apparent when considering this Court's decisions in *State v. White* and *Reynolds v. State*, two opinions that describe motion court judgments that are materially indistinguishable from the one in this case. From *White*:

> In [its] findings of fact and conclusions of law, the motion court **failed to rule** on all the defendant's claims set forth in his pro se 29.15 motion. Because defendant's amended 29.15 motion specifically stated that it was "intended to supplement and *not* supercede movant's *pro se* motion," **the motion court should have made findings on all the issues** raised in defendant's pro se 29.15 motion. Therefore, **we remand** back to the motion court for findings of fact and conclusions of law on defendant's pro se 29.15 motion.

873 S.W.2d at 594–95 (emphasis added). This Court further concluded, "Defendant's **appeal based on the failure of the motion court to rule on all the issues** contained in his pro se and first amended 29.15 motions is **reversed and remanded** for further proceedings [to comply with Rule 29.15(j)]." *Id.* at 600 (emphasis added). In other words, even though the motion court did not adjudicate issues that this Court held were properly before the motion court, this Court still treated the judgment as a final one on appeal, subject to remand for failure to comply with Rule 29.15(j). Similarly, in *Reynolds*, the motion court altogether "**refused to address**" a pro se issue in its judgment that it believed was not properly before it, meaning the motion court necessarily failed to rule on all issues. 994 S.W.2d at 945. This Court, however, determined the issue *was* properly before the motion court. *Id.* at 946. Following the principal opinion's reasoning, this Court should have then dismissed the appeal for lack of a final judgment because the circuit court did not

4

"adjudicate all claims." This Court did not do that. Instead, following the consistent practice of this Court, it considered only whether remand was required. *See id.* When the motion court overrules a post-conviction relief motion but fails to specifically address or acknowledge all issues, as it did here, the question is not one of finality of judgment but only whether this Court should remand for the motion court to comply with Rule 29.15(j) or Rule 24.035(j).

Prior to the adoption of Rule 78.07(c) and this Court's declaration in *Johnson* that Rule 78.07(c) applies to post-conviction proceedings, remand may have been required. Even though a motion court is required to make findings and conclusions on all issues, when this Court was first presented with the question of whether Rule 78.07(c) applies to post-conviction proceedings, it predictably and specifically held that Rule 78.07(c) does apply to motions for post-conviction relief.[3] *Johnson*, 388 S.W.3d at 168. Rule 78.07(c) provides: "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Therefore, as this Court

---

[3] If a rule of civil procedure "enhances the purposes of [Rule 29.15] or bears a neutral consequence," the rule is applicable in the context of post-conviction review. *Thomas v. State*, 808 S.W.2d 364, 366 (Mo. banc 1991). Rule 78.07(c) applies because it enhances the purposes of Rule 29.15. *Gerlt v. State*, 339 S.W.3d 578, 584–85 (Mo. App. 2011). Instead of waiting on an appellate court to inevitably remand the case to the motion court to make findings and conclusions, Rule 78.07(c) requires the matter be brought to the motion court's attention so that the error, real or perceived, may be expeditiously addressed. *Id.* Simply put, without Rule 78.07(c), the post-conviction process is drawn out longer than necessary. "Finality is a central aspect of [Rule 29.15]. If a meritorious collateral claim exists, the rule is designed to bring it to the fore promptly and cogently." *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978). Because Rule 78.07(c) helps bring about finality, it enhances the purpose of Rule 29.15 and is applicable in the post-conviction context. Applying Rule 74.01(b) as the principal opinion does, however, not only conflicts with Rule 29.15(k) but also delays the finality that application of Rule 78.07(c) helps achieve.

5

declared in *Johnson*, the applicable remedy when the motion court fails to specifically address all issues as required by Rule 29.15(j) is to file a motion to amend the judgment.[4]

Green did not file a motion to amend the judgment in the motion court to bring to the motion court's attention he desired findings and conclusions regarding any issues as required by Rule 78.07(c); therefore, Rule 73.01 presumes all facts not specifically set out in the judgment were found in accordance with the judgment and he did not preserve for appellate review any issues or claims the motion court failed to specifically address.[5] Because Green has waived the opportunity for any further review concerning the issues for which he did not seek findings and because all the facts not specifically set out in the judgment are presumed to be found in accordance with the judgment; there is no need nor reason to remand for the motion court to make supplemental findings in this case.

### Reliance on *Reynolds v. State* to Approve This Type of Incorporation by Attachment is Misplaced

As discussed above, the only relevant question here is whether the case should be remanded pursuant to Rule 29.15(j). However, because the principal opinion insists on creating a finality-of-judgment question, it is worth pointing out that, even without the foregoing straightforward application of Rule 29.15(k), the motion court was not required

---

[4]  Any difference between the judgment in *Johnson* and the judgment here is immaterial because *Johnson* was addressing the same question that is now before this Court: whether the motion court's failure to specifically address all issues requires remand. Rule 78.07(c) applies even when the motion court fails to acknowledge all issues. *See Gerlt*, 339 S.W.3d at 583–84; *see also Johnson*, 388 S.W.3d at 168 (citing *Gerlt* in applying Rule 78.07(c)).

[5]  "[T]here is no plain error review in appeals from judgments on post-conviction motions." *Dorsey v. State*, 448 S.W.3d 276, 284 (Mo. banc 2014).

to address Green's *pro se* issues in order to enter a final judgment because Green's *pro se* issues were not properly before the motion court.[6]

Green failed to include his *pro se* issues within his amended motion. Post-conviction counsel's purported "incorporat[ion] by physical attachment" of Green's *pro se* motion was nothing more than an attempted incorporation by reference, a practice disallowed by Rule 29.15(g): "The amended motion shall not incorporate by reference material contained in any previously filed motion." Any reliance on *Reynolds v. State* to sidestep Rule 29.15(g) in this case is misplaced. The holding of *Reynolds* is not so broad as to simply allow all forms of incorporation by physical attachment. Rather, a closer look at the circumstances of *Reynolds* reveals it is readily distinguishable from this case:

> [T]he record shows that defense counsel photocopied movant's *pro se* motion and the *pro se* amendment and then labeled the photocopies "Movant's Further Issues" and stapled them to the body of the second amended motion. Counsel then added a final page with a prayer for relief, signatures and certificate of service.

994 S.W.2d at 945. This Court held that this did not run afoul of this Court's prohibition against incorporation by reference because the rule "does nothing more than preclude counsel from referencing movant's earlier claims **as set out in other documents**." *Id.* (emphasis added).

Unlike the amended motion in *Reynolds*, the amended motion here did not include Green's *pro se* issues within the body and before the prayer for relief. The amended motion

---

[6] In my view, the current Rule 29.15(g) clearly prohibits what movant's counsel did in this case, but nevertheless, effective January 1, 2017, Rule 29.15(g) will provide, in relevant part: "The amended motion shall not incorporate by reference or *attachment* material contained in any previously filed motion *nor attach or incorporate the pro se motion. All claims shall be included within the same body and text of the amended motion*." (Emphasis added).

7

stated, "Pursuant to movant's request, counsel hereby incorporates by physical attachment the pro se claims included in the original Form 40 attachment." The amended motion then set out five issues with supporting allegations of facts followed by a prayer for relief, signatures, and a certificate of service. It was only after these basic elements of a motion document that Green's *pro se* issues then followed. Therefore, regardless of the amended motion's language, this was an attempted incorporation by reference. That is, the amended motion referred to issues outside of its body, outside of its prayer for relief, and, therefore, outside of the document itself. *See id.* The motion court could not address all of Green's issues without reference to other documents.[7] *See id.* at 946. Accordingly, Green's *pro se* issues were not included within his amended motion, and the motion court's failure to address or acknowledge those issues could not have affected the finality of its judgment.

Zel M. Fischer, Judge

---

[7] The principal opinion notes that "[t]he type of physical attachment that Movant effected here is the common practice." I agree the courts of appeal have extended the rationale of *Reynolds* beyond its facts, necessitating the amendment to Rule 29.15(g) as set out in footnote 5. However, this Court has not validated the practice or expanded the holding of *Reynolds* past its facts until today.